20962

The STATE, Respondent, v. Robert W. WARREN, Appellant.

(255 S. E. (2d) 668)

*Warren & Pitts,* Allendale, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Kay G. Crowe,* Columbia; and *Sol. Sylvia W. Westerdahl,* Aiken, *for respondent.*

May 21, 1979.

LITTLEJOHN, Justice:

The defendant was convicted of trespass by a jury in a magistrate's court in Barnwell County. At the time of the trial he attacked the constitutionality of the statute which provides for the selection of a magistrate's jury, and contended that the process by which the jury was selected to try this case violated his fourteenth amendment rights under the Constitution of the United States. His objections were overruled by the magistrate, and the action of the magistrate was affirmed on appeal to the circuit court. He has now appealed to this court, raising the same two issues. Inasmuch as we are of the opinion that the statute itself is unconstitutional, we do not reach the contention that the process of the selection or the composition of the jury deprived the defendant of constitutional rights.

Several local statutes have been enacted by the General Assembly prior to the constitutional amendment of 1973 (Art. V) which mandates a uniform court system. These statutes established in several counties procedures for the drawing of magistrate court juries. The general statutes, applicable to Barnwell County, are as follows:

"§ 22-3-770. Trial by jury.

. Every person arrested and brought before a magistrate, charged with an offense within his jurisdiction, shall be en-

titled on demand to a trial by jury which shall be selected as provided in § 22-3-780.

"§ 22-3-780. Selection of jurors.

In criminal causes in a magistrate's court a jury shall be selected in the following manner: The sheriff, constable or other officer appointed by the magistrate shall write and fold up eighteen ballots, each containing the name of a respectable voter of the vicinity. He shall deliver the ballots to the magistrate, who shall put them into a box and shake them together, and the officer shall draw out one, and the person so drawn shall be one of the jury unless challenged by either party. The officer shall thus proceed until he shall have drawn six who shall not have been challenged. Neither party shall be allowed more than six challenges. But if the first twelve drawn shall be challenged and the parties do not agree to a choice, the last six shall be the jury. When any of the six jurors so drawn cannot be had or are disqualified by law to act in the case and the parties do not supply the vacancy by agreement, the officer shall proceed to prepare, in the manner before directed, ballots for three times the number thus deficient, which shall be disposed of and drawn as above provided."

It will be observed that the statute quoted above permits the magistrate to appoint "[t]he sheriff, constable or other officer . . ." to select eighteen ". . . respectable voter[s] of the vicinity." Article V, § 18 of our Constitution provides that every ". . . juror must be a qualified elector under the provisions of this Constitution and of good moral character." A respectable voter is difficult to define, and we did not decide whether a respectable voter is more qualified or less qualified than a person of good moral character. Obviously, jurors must meet the constitutional requirement.

We are of the opinion that the statutes fail to meet constitutional muster in two regards: first, there is given to the magistrate the authority to look about

him and to select a person to choose a jury panel; secondly, it permits the person selected an almost unbridled authority to find 18 "respectable voters" from whom a jury of 6 will be selected to try a particular criminal case. If the sheriff or a constable is chosen to make the selection, it becomes apparent that the potential for abuse is abundant. The sheriff, because of his office, is allied with the State, which is the prosecuting authority.

The sixth amendment right to a trial by jury has been made applicable to the states via the fourteenth amendment. *Duncan v. Louisiana,* 391 U. S. 145, 88 S. Ct. 1444, 20 L. Ed. (2d) 491 (1968). The right to trial by jury contemplates a jury drawn from a pool broadly representative of the community and impartial in a specific case.

The method of drawing a magistrate's jury in a criminal case, which we declare unconstitutional today, does not tend to assure a cross-section of citizens fairly representative of the community.

It is not the province of this court to indicate a system of selecting jurors. This is a matter for the legislature. We think, however, that any statute which addresses the problem should positively and affirmatively assure that jurors be drawn impartially, and not picked.

In 47 Am. Jur. (2d) *Jury* § 136, we find the following: ". . . The ultimate object of the procedure in selecting persons for jury service is to bring into court for the benefit of litigants and for the administration of justice jurors who have been chosen impersonally, methodically, and by equal chance, with respect to possibility of selection, from the whole body of the county or other district from which they are properly selected.

"The fundamental right to trial before an impartial jury is so basic and crucial as to demand that no vestige of suspicion be permitted to impugn the impartial method of selection of jurors."

While it is entirely likely that jurors drawn under these statutes would render a fair trial, such is not assured, and the possibility of prejudice is always present. It involves the type of prejudice difficult, if not impossible in most cases, to prove.

The record does not sustain the contentions of the State that the defendant in this case agreed to the trial by this jury such that it might be said that he has waived his rights.

We declare both statutes quoted above unconstitutional.

A new trial shall be held.

Reversed and remanded.

LEWIS, C. J., and RHODES and GREGORY, JJ., concur.

NESS, J. dissents.

NESS, Justice (dissenting) :

Being of the view that the appellant waived the constitutional issue, I would affirm.