**STATE of Missouri, Respondent,**

v.

**John Henry JOHNSON, Appellant.**

No. 61868.

Supreme Court of Missouri,
Division No. 1.

Oct. 15, 1980.

Blair Buckley, Jr., Public Defender, Caruthersville, for appellant.

Kathryn Marie Krause, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT R. WELBORN, Commissioner.

Appeal from judgment of conviction and sentence to seven years' imprisonment for first degree robbery.

In July, 1978, at around midnight, Collis Haddock was walking along Highway 61 in New Madrid County. He had $618 in his billfold. At Howardville, he was looking for a telephone when he was accosted by six black men. One "hollered, 'I know karate'" and kicked Haddock in the chest. As Haddock fell, another man, according to Haddock, took his billfold from his back pocket. Haddock's billfold was taken by two men to the front of a truck where they examined the contents of the billfold and then left. Haddock could not identify any of his attackers.

After the two men had left, the remaining four took Haddock to a local deputy sheriff and Haddock told him what had happened.

The two men who left were appellant John Henry Johnson and his brother Thurman. At John Henry's trial, the other four men present at the incident testified that John Henry took the wallet from Haddock; that John Henry and his brother examined the wallet and left, after giving Haddock another wallet, not his. They identified John Henry as the man who kicked Haddock.

The deputy went to Johnson's residence after the incident was reported but found no one. Appellant and his brother were eventually arrested in Carbondale, Illinois.

Testifying in his own behalf, John Henry admitted being present at the incident. He denied that he kicked Haddock and that he took the billfold. He said that he knew money was taken from Haddock but he couldn't say who took it. He said that when the others went to the police, he went home, "* * * got some chicken and lunch and stuff and then [he and Thurman] went to the bus station and left."

A jury in the New Madrid County Circuit Court found appellant guilty of robbery in the first degree and assessed a penalty of seven years' imprisonment.

On his appeal, appellant's first two points are somewhat interrelated. He contends that the evidence was insufficient to support the verdict and that the robbery instruction was erroneous because it submitted taking by putting the victim in fear of immediate injury whereas the information charged taking by force and violence to the person of the victim.

With respect to the first point, appellant's position is that there was no evidence that Haddock's billfold was surrendered because of fear. According to appellant, the evidence showed only a taking without Haddock's consent, at the most stealing.

■ Haddock testified that he was "scared to death." Such a state of mind coupled with a physical attack was sufficient to permit the jury to find that the taking was accomplished by placing Haddock in fear of immediate injury. *State v. Houston*, 451 S.W.2d 37 (Mo.1970).

■ Appellant also contends that, since the instruction did not submit force and violence as charged in the information, there was no finding by the jury of one essential element of the offense charged. He further contends that the instruction which submitted fear of injury rather than force and violence as charged in the information permitted the jury to convict appellant of an offense with which he was not charged.

No objection to the instructions was voiced at the trial or in the motion for new trial. Absence of objection at the trial level would justify this court's refusal to consider this claim of error. *State v. Mathews*, 328 S.W.2d 642, 644–645[4] (Mo.1959).

Considering the assignment under the plain error rule, *State v. Macone*, 593 S.W.2d 619 (Mo.App.1980), provides a correct answer to appellant's complaint. In that case, robbery by force and violence was

charged and the submission was of taking by placing in fear. On appeal, the variance between the information and instruction was assigned as error under the plain error rule. In disposing of the assignment, the court stated (593 S.W.2d 621):

"A variance between the information and an instruction, to be fatal and justify reversal, must be material and prejudicial to the rights of the defendant. *State v. Crossman,* 464 S.W.2d 36 (Mo.1971); Rules 24.11 and 26.04, V.A.M.R. Here, there was evidence of both fear of immediate injury and violence. The variance between the charge and the instruction did not prejudice the defendant. *State v. Collins,* 519 S.W.2d 362 (Mo.App.1975)."

Appellant asserts that he made no effort to defend against a charge of taking by placing in fear because that was not the charge. Obviously the evidence showed both force and violence and placing in fear and appellant does not show that he was prejudiced by the variance.

Appellant complains that the procedure authorized by Section 494.250, RSMo 1978, under which the sheriff selected prospective jurors, denied him the right to trial by an impartial jury, guaranteed by the Missouri Constitution, and his right to a petit jury selected from a fair cross–section of the community as required by the Sixth and Fourteenth Amendments to the Constitution of the United States.

When the case came on for trial, appellant moved to quash the jury panel on the grounds that only sixteen of the veniremen had been selected by the Jury Commission and the remainder had been chosen by the sheriff. Appellant adduced testimony of the Circuit Clerk that the Jury Commission had selected 24 veniremen and 24 alternates at the beginning of the court term, but that, by the time appellant's trial came on, that number had been reduced to 16 and the sheriff had selected the additional persons required. (Seven members of the regular panel had been excused because they had sat on the trial of Thurman Johnson for robbing Haddock.)

Appellant acknowledges that Section 494.250 authorizes the procedure followed in this case, but he contends that it denies the defendant the right ·to an impartial jury because of the potential for abuse in permitting the sheriff, who " * * * is allied with the State, which is the prosecuting authority. No vestige of suspicion should be permitted to impugn the impartial method of selection of jurors."

■ Although appellant's counsel asserted in the trial court that the sheriff's selection of panelists deprived defendant of the right to a jury which is a representative cross–section of the community, he directed no challenge to the persons selected by the sheriff and attempted *no proof* of the charge that they were not fairly representative. The defendant had the burden of making a showing of a prima facie violation of the cross–section requirement. *Duren v. Missouri,* 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). Having offered nothing in the way of proof of his charge, it was properly rejected by the trial court. *State v. Holt,* 592 S.W.2d 759, 767–768[11] (Mo. banc 1980).

■ Likewise, the defendant made no effort to show that the sheriff's selection produced a biased panel. The presumption is that the sheriff acted indifferently in choosing the jurors. *Cravens v. United States,* 62 F.2d 261, 271[10–12] (8th Cir. 1932). Such presumption is not overcome by the unsubstantiated claim that the sheriff necessarily selected persons biased in favor of the state.

Appellant relies upon *State v. Warren,* 255 S.E.2d 668 (S.C.1979), for the proposition that the mere fact of selection of jurors by the sheriff renders the selection scheme unconstitutional. In *Warren,* the court did strike down the statutory scheme for selection of all magistrate court jurors by the sheriff. On the other hand, statutes providing for the selection of talesmen or additional jurors by the sheriff have been held not to involve constitutional violation. *State v. Rodden,* 86 S.D. 725, 201 N.W.2d 232 (1972). See also *State v. McCambry,* 225 Kan. 803, 594 P.2d 222, 224–225[3][4] (1979).

Absent some showing of prejudice to the defendant, the long–established practice for the selection of talesmen, permitted by Section 494.250 (47 Am.Jur.2d, Jury, § 160, pp. 753–754 (1969)), will not be considered, on its face, unconstitutional.

Judgment affirmed.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.