**STATE of Missouri, Respondent,**

v.

**Victor Paul ANDERSON, Appellant.**

**Nos. 62404, 62635.**

Supreme Court of Missouri,
Division No. 1.

Sept. 8, 1981.

Blair Buckley, Jr., Public Defender, Caruthersville, for Anderson.

Thomas G. Auffenberg, Jay D. Haden, Asst. Attys. Gen., Jefferson City, for the State.

---

1. *Accord, State v. Alexander,* 620 S.W.2d 380 (Mo. banc 1981).

GEORGE F. GUNN, Jr., Special Judge.

Defendant challenges the constitutionality of the Missouri talesman statute—§ 494.-250, RSMo 1978. Because a determination of the validity of a statute is involved, this court has exclusive jurisdiction of the appeal. Mo.Const. Art. V, § 3.

Defendant's appeals result from two separate trials. He was first convicted of second degree burglary and stealing. He was subsequently convicted of attempted first degree robbery. The two appeals are consolidated as each raises the identical issue: does a sheriff who under § 494.250 handpicks bystanders to become potential petit jurors in a criminal proceeding deprive the defendant of his constitutional right to a fair and impartial jury?[1] We find not and affirm the judgment in each case.

No challenge is made to the sufficiency of the evidence; and, indeed, the record supports each conviction.

Section 494.250.1 provides that the clerk of the board of jury commissioners, publicly and in the presence of the commissioners, shall draw sufficient names for twenty-four persons to serve as petit jurors and an equal number to serve as alternates. Section 494.250.2 provides that when the list of alternates has been exhausted, the sheriff, when ordered by the court, shall summon petit jurors from the bystanders.

In each of the cases on appeal, after the alternate petit juror list had been exhausted either by absences or excuses for cause, the number of remaining prospective jurors drawn by the board of jury commissioners was less than the full panel of the twenty-four required by § 494.250. In the burglary and stealing case, twenty jurors remained. In the attempted robbery case, there were only eighteen remaining. In this situation and to provide for the full complement of venire, § 494.250.2 provides the sheriff with the authority to fill the vacancies: "... the sheriff when ordered by the court demanding a jury shall summon petit jurors during the term from the bystanders, after the list of alternate petit jurors has been exhausted."

Defendant argues that once the list of petit jurors and alternates has been exhausted, the sheriff is invested with unchecked authority to select the prospective jurors. This, so defendant urges, denies him an impartial jury—a right guaranteed by Article I, § 18(a) of the Missouri Constitution. Further, defendant contends that he has been denied a petit jury selected from a fair cross section of the community—a right guaranteed by the sixth and fourteenth Amendments to the United States Constitution.

It is a fundamental precept that litigants are entitled to a "full panel of qualified impartial veniremen" before the peremptory challenge process commences. *State v. Roberts*, 604 S.W.2d 765, 767 (Mo. App.1980). *Accord, State v. Land*, 478 S.W.2d 290, 292 (Mo.1972). Defendant contends that the procedures effectuated in this case deprived him of this fundamental right.

This is not the first time that these particular issues have been directed to this court. *State v. Johnson*, 606 S.W.2d 655 (Mo.1980), is particularly appropriate, for the following point was raised for consideration:

> Appellant complains that the procedure authorized by Section 494.250, RSMo. 1978, under which the sheriff selected prospective jurors, denied him the right to trial by an impartial jury, guaranteed by the Missouri Constitution, and his right to a petit jury selected from a fair cross-section of the community as required by the Sixth and Fourteenth Amendments to the Constitution of the United States.

*Id.* at 657. In *Johnson* the court rejected the appellant's attack on § 494.250 by holding that absent a specific showing of prejudice, the means of petit juror selection under the talesman statute is not unconstitutional on its face.

Similarly, *State v. Holt*, 592 S.W.2d 759, 767–8 (Mo.banc 1980), holds that the appellant asserting discrimination or prejudice in the jury selection process must present some evidence to that effect. The records in these appeals are absolutely destitute of any evidence of prejudice or discrimination against defendant in the application of the § 494.250 procedures.

Defendant relies on *Henson v. Wyrick*, 634 F.2d 1080 (8th Cir. 1980), a case holding that a defendant was denied due process where an "interested" sheriff handpicked only his own acquaintances to fill a venire panel. But there is no evidence of any such possible abuse in these cases, either that the sheriff was the investigating officer or that he selected only his acquaintances. And even *Henson* recognizes that a conviction would not be invalidated by the fact that some of the veniremen selected by a sheriff under § 494.250 were his acquaintances. *Id.* at 1084. Certainly, *Henson* does not suggest that Missouri's talesman statute is unconstitutional on its face. So-called evidence carrying the potential for prejudice discussed and condemned in *Henson* is not present in these cases.

Judgment affirmed in Case Numbers 62404 and 62635.

MORGAN, P. J., DONNELLY, C. J., RENDLEN, J., and FINCH, Senior Judge, concur.

BARDGETT, J., not participating.