**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Joe Dewayne BOSTIC,
Defendant-Appellant.**

**No. 62764.**

Supreme Court of Missouri,
Division No. 2.

Dec. 8, 1981.

Blair Buckley, Jr., Public Defender, Caruthersville, for defendant-appellant.

John Ashcroft, Atty. Gen., Brian P. Seltzer, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

JAMES K. PREWITT, Special Judge.

Defendant was convicted of capital murder, § 565.001, RSMo 1978, and sentenced to life imprisonment without eligibility for probation or parole for 50 years. § 565.-008.1, RSMo 1978. The brief filed by defendant's appointed counsel presents one point for our review. Defendant filed a pro se brief and requested that we review four points not presented to the trial court which he claims constitute plain error.

■ The point in the brief filed by appellant's counsel states that the trial court erred in failing to quash the jury panel "because the jury panel selection procedure followed in this case, which had the board of jury commissioners draw an additional list of jurors, was not provided for by statute". The board of jury commissioners selected 48 persons as regular and alternate jurors for the term of court at which defendant was tried. That number was reduced to 24 because potential jurors were excused or could not be located. Names of additional jurors were then drawn by the jury commissioners. Counsel for defendant contends that the additional jurors should not be selected by the jury commissioners but by the sheriff as provided in § 494.250, RSMo 1978. We do not agree. Sections 494.230 through 494.290, RSMo 1978 do not prohibit the jury commissioners from selecting additional jurors when needed. The trial judge may, but is not required to, have only the sheriff choose them. Where practical to do so, having the jury commissioners make the additional selections would appear to be proper and perhaps even preferred over having the sheriff make the selections. See *Holt v. Wyrick*, 649 F.2d 543, 546 (8th Cir. 1981), *Henson v. Wyrick*, 634 F.2d 1080 (8th Cir. 1980), cert. denied, 450 U.S. 958, 101 S.Ct. 1417, 67 L.Ed.2d 383 (1981). See also *Thompson v. White*, 661 F.2d 103 (8th Cir. 1981).

■ In addition, we see no possible prejudice to defendant due to the manner of jury selection and none is urged in the briefs. A defendant must show that he has been prejudiced or that his interests have been adversely affected by the manner of jury selection in order to receive a new trial on that basis. *State v. Holt*, 592 S.W.2d 759, 767 (Mo.banc 1980); *State v. Anderson*, 620 S.W.2d 378, 380 (Mo.1981); *State v. Thompson*, 472 S.W.2d 351, 353–354 (Mo.1971); *State v. Henson*, 552 S.W.2d 378, 382 (Mo. App.1977). See also *State v. Alexander*, 620 S.W.2d 380 (Mo.banc 1981); *State v. Johnson*, 606 S.W.2d 655, 657 (Mo.1980); *State v. Brown*, 554 S.W.2d 574, 578 (Mo.App.1977).

■ The points raised in defendant's pro se brief were not contained in his motion for new trial. Rule 29.11(d) provides, with certain exceptions not here applicable, that allegations of error must be included in a motion for new trial to be preserved for appellate review. Even though not properly preserved "plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20. We have examined the record and do not find that manifest injustice or miscarriage of justice has resulted from the errors

claimed in the pro se brief. Therefore, further consideration of those points is not required. *State v. Escoe*, 548 S.W.2d 568, 571 (Mo. banc 1977); *State v. Miller*, 593 S.W.2d 895, 897 (Mo.App.1980).

The judgment is affirmed.

WELLIVER, P. J., and HIGGINS and SEILER, JJ., concur.