STATE of Missouri, Respondent,

v.

Raymond "Spike" LINDSEY, Appellant.

No. 12004.

Missouri Court of Appeals,
Southern District,
Division Three.

Jan. 25, 1982.

Motion for Rehearing or to Transfer to Supreme Court Denied Feb. 22, 1982.

Application to Transfer Denied
April 13, 1982.

---

James R. Wyrsch, Charles E. Atwell, Koenigsdorf, Kusnetzky, Wyrsch & Stites, Kan-

sas City, Steven G. Gladstone, Gladstone & Matteson, Columbia, for appellant.

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Presiding Judge.

Defendant Raymond "Spike" Lindsey was jury-tried and convicted of second degree assault [§ 565.060, RSMo 1978] on an officer of the Missouri State Highway Patrol and sentenced to a five-year prison term. We affirm.

The sufficiency of the evidence to support the jury's determination of defendant's guilt is not questioned and a brief statement of facts will suffice.

On the night of December 14, 1979, Sergeant Bill Little of the Missouri State Highway Patrol, two other members of the Patrol, the sheriff of Carter County and a deputy sheriff went to the defendant's residence for the purpose of arresting him for another offense. The contingent of officers drove to the rural home in three marked highway patrol vehicles. When they arrived, they saw the defendant emerge from a wooded area and walk toward the car Sergeant Little was driving. Defendant was carrying a shotgun and a flashlight. Little was not in uniform but got out of his car and called out twice to the defendant that he was a police officer. The defendant dropped the flashlight, cocked and aimed the shotgun at Little and said "Things are not going my way, I'm going to shoot." The officer grabbed and deflected the shotgun as it fired, the shot barely missing his head. As Little was holding the defendant with one arm and the shotgun with his other hand, the defendant attempted to draw a pistol from a belt holster. The other officers joined the fracas and subdued and handcuffed the defendant. *Miranda* warnings were given the defendant. En route to Van Buren the defendant stated that if things did not go his way someone was going to be killed or "wasted." At the sheriff's office, the *Miranda* warnings were repeated. When defendant was asked what he had intended to do with the shotgun, he told the officers "I was gonna waste you, if things didn't go my way."

Defendant sought to suppress his statements, contending they were involuntarily given. Following an evidentiary hearing, the trial court found the statements were voluntarily given and at trial the statements were received in evidence.

Defendant contends that because of a head injury he had received in an automobile collision earlier in the day and three drinks of whiskey he had consumed after the collision, coupled with the manner and method of the officers' arrival and the struggle which ensued, his statements were involuntary. We find no merit in this contention.

 The statements at the scene of the arrest and en route to Van Buren were volunteered by the defendant and do not offend *Miranda*. *State v. Olds*, 569 S.W.2d 745 (Mo.banc 1978); *State v. Garrett*, 595 S.W.2d 422 (Mo.App.1980). Defendant had been given the *Miranda* warnings twice before his statement in the sheriff's office. There was no evidence the defendant was intoxicated from the three drinks. Nevertheless, intoxication does not render a statement involuntary unless it rises to the level of mania. *State v. Gullett*, 606 S.W.2d 796 (Mo.App.1980). Furthermore, the defendant's detailed testimony as to the events at the scene of his arrest clearly indicates to us that he was aware of and appreciated the nature and consequences of his statements, notwithstanding his alleged physical and mental condition. The point is denied.

Defendant's points concerning the selection of the trial jury were not preserved by timely objections and are not for appellate review. *State v. Robinson*, 484 S.W.2d 186 (Mo.1972); *Thompson v. State*, 569 S.W.2d 380 (Mo.App.1978).

Defendant's remaining points have been reviewed and we find no error calling for reversal.

The judgment is affirmed.

MAUS, C. J., TITUS and FLANIGAN, JJ., concur.

*Motion for Rehearing*

In defendant's motion for a rehearing, he states we should have considered his point concerning the selection of the jury venire because there was in fact a timely objection made or, in the alternative, the point should be reviewed under the plain error doctrine. He contends his right to a fair and impartial trial by jury was unconstitutionally tainted by the sheriff's selecting additional bystanders to make up the requisite panel because the sheriff "investigated" and testified on behalf of the state, and, consequently, his equal protection and due process rights under both the State and Federal Constitutions were violated.

First of all, the sheriff was at the scene when defendant was taken into custody but testified he did not see the assault by the defendant. The victim of the assault and other officers present testified to the defendant's pointing the shotgun, making the threatening remark, and the gun being discharged. Secondly, the sheriff's testimony as to what the defendant said en route to Van Buren and at the sheriff's office was merely cumulative to the testimony of both Sergeant Little and Trooper Selvey as to the defendant's statements after he was in custody.

Defendant was represented at trial by a St. Louis attorney of his own selection. The transcript indicates there had been some colloquy between the trial judge, the prosecuting attorney, and Mr. Harris, defendant's attorney, concerning the fact that because the sheriff was going to be called as a witness he should not be in charge of the trial jury.[1] The transcript then shows as follows:

"THE COURT: Let the record show out of the presence of the jury and shortly after the hour of 9:00 A.M., this date in the courtroom, out of the presence of any jurors, present only Mr. Dan Moody, Prosecuting Attorney, and Mr. Al Harris, Defendant's attorney, the Clerk and the Reporter; in the front part of the courtroom and in front of the bench, the Court inquires of counsel as follows: Gentle-men, I am informed by the Sheriff that we have some lawful seventeen jurors present. It is my intention to summons additional jurors. On behalf of the State of Missouri, in that connection, what do you say, Mr. Moody?

MR. MOODY: How many jurors do we have?

THE COURT: The Sheriff informs me he has seventeen.

MR. MOODY: I have no objection, Judge.

MR. HARRIS: We need the additional jurors. It may be better from what we discussed earlier—but *I don't really care*.

THE COURT: At this point, the Sheriff is familiar with the process of selecting additional jurors. *If the defense has no objection*, I am going to have the Sheriff summons additional jurors.

(Thereupon Sheriff sworn by Court)

THE COURT: Let the record show that we have some seventeen jurors present. Mr. Sheriff, at this time, make your return and see if you can get some eight or nine jurors and let me know when you have these jurors. We need twenty-four, so try to get them. The court will be in recess until such time I am informed we have additional jurors. Anything for the record, Mr. Moody?

MR. MOODY: Nothing.

THE COURT: Mr. Harris?

MR. HARRIS: *Nothing, Your Honor.*

(Recess for purpose of Sheriff summonsing additional jurors)

(Court resumes after recess)

THE COURT: Let the record show at 10:20 A.M., out of the presence of the jury, the Sheriff informs the court that twenty-four lawful jurors are present and have completed juror's questionaire [sic] form.

---

1. A deputy sheriff was later sworn and placed in charge of the trial jury.

(Court proceedings return to open court)

THE COURT: Said cause having been set jury trial this date, what do you now say for the State, Mr. Moody?

MR. MOODY: The State is ready to proceed.

THE COURT: Mr. Harris?

MR. HARRIS: *The defense is ready, Your Honor.*

THE COURT: Sheriff, do you want to bring the jurors around and seat them on the first three rows.

(Brief recess for power outage)

THE COURT: Let the record show at 10:33, power has been restored. Anything for the record at this point, Mr. Prosecutor?

MR. MOODY: I have nothing.

THE COURT: Mr. Harris?

MR. HARRIS: *No, Sir.* (All emphasis ours).

Voir dire of the panel was conducted by the court and the attorneys and a jury of 12 selected to try the case and an alternate juror agreed upon. After the 12 jurors were sworn, the court inquired of the State and the defendant if they had anything for the record. The prosecutor and Mr. Harris advised the court they were 'ready to proceed.' The court then excused the remaining panel members and again asked:

(THE COURT): Anything for the record, Mr. Moody, at this point?

MR. MOODY: No, Your Honor.

THE COURT: Anything for the record, Mr. Harris?

MR. HARRIS: Yes, Sir. Do you also swear the alternate?

THE COURT: Wasn't she sworn? Alright, Mrs. Bell, would you please stand and raise your right hand.

(Mrs. Bell being sworn by the court)

THE COURT: Anything for the record, Mr. Moody?

MR. MOODY: I don't have anything for the record. I think Mr. Harris wants to make a motion.

MR. HARRIS: Yes, I would move that the rules of sequestration of witnesses be invoked.

The court thereupon sustained Mr. Harris' motion, required instructions given, and the trial commenced."

In addition to the foregoing, the trial judge's docket sheet recites that after the sheriff had advised the court that an insufficient number of veniremen were present, that "*without objection*, oath administered to sheriff to summons ten additional jurors . . . ." (Our emphasis).

 The law in this state is that a constitutional attack be made at the first opportunity and preserved at each step of the judicial process. *State v. Wickizer*, 583 S.W.2d 519 (Mo.banc 1979). Assuming, but not deciding, that defendant's trial attorney objected to the sheriff summonsing additional jurors because he would be a witness for the State,[2] the now advanced constitutional grounds were not asserted as a basis for the objection. Defendant may not broaden his trial objections on appeal. *State v. Brown*, 604 S.W.2d 10 (Mo.App. 1980). And, a challenge to the jury panel or venire must be made at the time the panel is sworn or as soon as the cause for challenge appears. *State v. Sockel*, 485 S.W.2d 393 (Mo.1972); *State v. Robinson*, 484 S.W.2d 186 (Mo.1972); *Benson v. State*, 611 S.W.2d 538 (Mo.App.1980); *Ross v. State*, 601 S.W.2d 672 (Mo.App.1980). What was said in *State v. Borden*, 605 S.W.2d 88 (Mo.banc 1980), per Rendlen, J., in another context, is equally applicable here:

"The underlying policies requiring contemporaneous objection run contrary to defendant's present claim of error. Timely objection to putative error affords the trial court an opportunity to invoke

---

**2.** Defendant's appellate counsel filed with this Court an affidavit of trial attorney Harris in which he states he objected to the sheriff obtaining the additional panel members; further,

he reiterated this same objection where the two dashes (--) appear in the sentence, supra, ending with "but I don't really care."

remedial measures rather than relegating appellate courts to the imprecise calculus of determining whether prejudice resulted. Moreover, requiring timely objection minimizes the incentive for 'sandbagging,' an improper tactic sometimes employed to build in error for exploitation on appeal should an unfavorable verdict obtain." Id. at 90.

■ Here, as the quoted portion of the trial transcript, supra, clearly shows, defendant was given opportunity after opportunity to object to the makeup of the jury panel on constitutional grounds and to move to quash the panel for alleged irregularities, but failed to do so. If defendant's trial attorney entertained the slightest notion that the sheriff had violated his oath in summonsing additional veniremen (or venirewomen, since the transcript shows the trial jury was composed of seven women and five men) by attempting to prejudice them, or choosing "conviction prone", "acquaintances", "sympathetic to the prosecution", [terminology utilized by the Eighth Circuit in *Henson v. Wyrick*, 634 F.2d 1080 (8th Cir. 1980), in ordering a new trial or release on federal habeas corpus—after the astute observation this court was "the highest court of Missouri"],[3] he had multiple opportunities to attack the selections and makeup of the panel on alleged constitutional grounds. The failure to make a *timely* and *proper* objection constitutes a waiver. *Benson v. State*, 611 S.W.2d 538, 541–542 (Mo.App.1980), and cases cited therein.

■ If the defendant, by his appellate attorneys, is seeking to challenge the constitutionality of the Missouri talesman statute [§ 494.250, RSMo 1978], that issue was again squarely resolved by *State v. Anderson*, 620 S.W.2d 378 (Mo.1981), following *State v. Johnson*, 606 S.W.2d 655 (Mo.1980). In so doing, the court said (l.c. 380):

"In Johnson the court rejected the appellant's attack on § 494.250 by holding

that absent a specific showing of prejudice, the means of petit juror selection under the talesman statute is not unconstitutional on its face.

"Similarly, *State v. Holt*, 592 S.W.2d 759, 767–8 (Mo.banc 1980), holds that the appellant asserting discrimination or prejudice in the jury selection process must present some evidence to that effect. The records in these appeals are absolutely destitute of any evidence of prejudice or discrimination against defendant in the application of the § 494.-250 procedures.

"Defendant relies on *Henson v. Wyrick*, 634 F.2d 1080 (8th Cir. 1980), a case holding that a defendant was denied due process where an 'interested' sheriff handpicked only his own acquaintances to fill a venire panel. But there is no evidence of any such possible abuse in these cases, either that the sheriff was the investigating officer or that he selected only his acquaintances. And even *Henson* recognizes that a conviction would not be invalidated by the fact that some of the veniremen selected by a sheriff under § 494.250 were his acquaintances. Id. at 1084. Certainly, *Henson* does not suggest that Missouri's talesman statute is unconstitutional on its face. So-called evidence carrying the potential for prejudice discussed and condemned in *Henson* is not present in these cases."

In *State v. Johnson*, 606 S.W.2d 655 (Mo. 1980), the court stated there is a presumption that the sheriff acted indifferently in choosing the jurors. We decline to assume what our supreme court referred to as the "so-called evidence" relied upon by *Henson* to reach the result in that case. There is neither allegation nor proof of the talesman bias or even of their acquaintance with the sheriff. *State v. Alexander*, 620 S.W.2d 380 (Mo.banc 1981). As noted by the court in *State v. Holt*, 592 S.W.2d 759 (Mo.banc 1980), citing *State v. Riddle*, 179 Mo. 287, 78

---

**3.** We affirmed *State v. Henson*, 552 S.W.2d 378 (Mo.App.1977). The opinion in *Henson v. Wyrick* also said that by our "reaching the issue of the sufficiency of the evidence" we

"impliedly recognized that Henson preserved his objection at trial" to his motion to quash the jury panel for improper selection of bystander jurors. *Quaere.*

S.W. 606 (1904), *a defendant must make a showing of prejudice where he contends reversible error was committed in the selection and impaneling of the jury.*

Plain error review under Rule 29.12(b), V.A.M.R., is limited to those errors affecting substantial rights which resulted in manifest injustice or miscarriage of justice. *State v. Strubberg*, 616 S.W.2d 809 (Mo.1981); *State v. Johnson*, 615 S.W.2d 534 (Mo.App.1981). We have examined this case with the foregoing in mind, and do not find the plain error principle applicable. The State's evidence was overwhelming that the defendant committed the assault on Sergeant Little and the jury rejected the defendant's explanation of the event. We find no manifest injustice or miscarriage of justice and observe that although the defendant was charged with first degree assault, the jury found him guilty of the lesser included offense of second degree assault.

The motion for rehearing is denied.