Douglas W. THOMPSON, Appellant,

v.

Carl WHITE, Superintendent, Missouri Training Center for Men, Appellee.

No. 81–1092.

United States Court of Appeals, Eighth Circuit.

Submitted July 23, 1981.

Decided June 4, 1982.

John Ashcroft, Atty. Gen., Michael H. Finkelstein, Asst. Atty. Gen., Jefferson City, for appellant.

Scott Richardson, Richardson & Jianakoplos, St. Louis, Mo., for appellee.

Before LAY, Chief Judge, and STEPHENSON * and McMILLIAN, Circuit Judges.

PER CURIAM.

Douglas W. Thompson, a Missouri state prisoner, appealed the district court's denial of his habeas corpus petition filed under 28 U.S.C. § 2254. He contended that he was denied a fair trial because of the jury selection technique used in his 1966 conviction by a Mississippi County, Missouri, court. Upon review, we reversed the judgment of the district court and remanded the case for a new trial. *Thompson v. White*, 661 F.2d 103 (8th Cir. 1981). The state appealed. The Supreme Court granted certiorari, vacated the judgment, and remanded the case to us for further consideration in light of *United States v. Frady*, —— U.S. ——, 102

* The Honorable Roy L. Stephenson assumed the status of Senior United States Circuit Judge effective April 1, 1982.

S.Ct. 1584, 71 L.Ed.2d 816 (1982). After reconsidering the case, we again reverse the judgment of the district court and remand for a new trial.

For a statement of the facts in this case see our earlier discussion. *Thompson v. White, supra,* 661 F.2d 103, 104–05.

In our original opinion we held that the Missouri contemporaneous objection rule did not bar Thompson from attacking the jury selection procedure used in his retrial, even though he failed to object to the jury selection procedure, because he demonstrated adequate cause for his failure to object and prejudice to him was shown. *Id.* at 105–07.

The Supreme Court held that the use of a "plain error" standard in reviewing a defendant's failure to object to a trial procedure in a collateral review of the original trial pursuant to 28 U.S.C. § 2255 was erroneous. The Court stated that the proper standard was the "cause and actual prejudice" standard. *United States v. Frady, supra,* —— U.S. at ——, 102 S.Ct. at 1594. The Court said:

> We believe the proper standard for review of Frady's motion is the "cause and actual prejudice" standard enunciated in *Davis v. United States,* 411 U.S. 233 [93 S.Ct. 1577, 36 L.Ed.2d 216] (1973), and later confirmed and extended in *Francis v. Henderson,* 425 U.S. 536 [96 S.Ct. 1708, 48 L.Ed.2d 149] (1976), and *Wainwright v. Sykes,* 433 U.S. 72 [97 S.Ct. 2497, 53 L.Ed.2d 594] (1977). Under this standard, to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) "cause" excusing his double procedural default, and (2) "actual prejudice" resulting from the errors of which he complains.

*Id.*

■ After re-examining the case, we hold that the facts in this case satisfy the Supreme Court's "cause" and "actual prejudice" standard. Because Thompson "did not know nor had reason to suspect that the statutory procedure was not being followed, he certainly had cause not to object." We also reaffirm our earlier holding that the "grizzly choice" Thompson faced "between life imprisonment and execution * * * provided him with an additional incentive not to appeal." *See Fay v. Noia,* 372 U.S. 391, 439–40 [83 S.Ct. 822, 849–50, 9 L.Ed.2d 837] (1963)."

Turning to the element of "actual prejudice," we are satisfied that under the facts of the case "actual prejudice" existed. We reach our holding in light of the facts that the selection of the jury to hear the case of the murder of a police officer was by a fellow law enforcement officer and that the sheriff selected the entire jury panel. The parties stipulated "Sheriff Simmons personally selected potential jurors on the basis of people he knew whom 'he thought would make good jurors.'" *Thompson v. White, supra,* 661 F.2d at 105–07.

■ By placing such a person in charge of selecting the jury, defendant was deprived of due process. As an example of the prejudice that must be shown to satisfy the "actual prejudice standard," the Supreme Court in *Frady* referred to *Henderson v. Kibbe,* 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977), wherein the Court held that in a collateral attack of a conviction pursuant to 28 U.S.C. § 2254, the contested jury instruction must have "so infected the entire trial that the resulting conviction violates due process." (citations omitted) *United States v. Frady, supra,* —— U.S. at ——, 102 S.Ct. at 1594.

As we have said previously in this case, "[t]he potential for a conviction prone jury under such a system is substantial. * * * [F]undamental fairness to the defendant requires some method better designed to obtain an impartial jury than the sheriff hand-picking among his acquaintances." (citations omitted) *Thompson v. White, supra,* 661 F.2d at 106 n.7 (quoting *Henson v. Wyrick,* 634 F.2d 1080, 1082–83 (8th Cir. 1980), *cert. denied,* 450 U.S. 958, 101 S.Ct. 1417, 67 L.Ed.2d 383 (1981)). Clearly, the taint inflicted on the proceeding by the use of this jury selection technique satisfies the Supreme Court's "actual prejudice" test as outlined in *Frady.*

We reverse the denial of the petition for writ of habeas corpus. The conviction is vacated and we remand for further proceedings consistent with this opinion.