**Victor Paul ANDERSON, Appellant,**

v.

**Gerard FREY, Superintendent of Missouri Eastern Correctional Center, Appellee.**

No. 82–2208.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 17, 1983.

Decided Aug. 31, 1983.

Certiorari Denied Jan. 9, 1984.

See 104 S.Ct. 739.

Thompson & Mitchell, Jason M. Rugo, St. Louis, Mo., for appellant.

John Ashcroft, Atty. Gen., Jay D. Haden, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before HEANEY, McMILLIAN and AR-NOLD, Circuit Judges.

McMILLIAN, Circuit Judge.

Victor Paul Anderson appeals from a final judgment entered in the District Court for the Eastern District of Missouri denying his petition for writ of habeas corpus. For reversal appellant argues the district court erred in finding that the method of selecting supplemental prospective jurors or "bystander" jurors used in his trial did not violate due process. For the reasons discussed below, we reverse the judgment of the district court and remand with directions.

*Procedural History*

Appellant was found guilty by a jury of attempted armed robbery in the Circuit Court for New Madrid County, Missouri, in October 1980. Appellant was sentenced to ten years imprisonment. Appellant appealed his conviction to the Missouri Supreme Court alleging that the county sheriff unconstitutionally participated in the selection of the jury panel pursuant to Mo.Rev.Stat. § 494.250(2) (1978).[1] The Missouri Supreme Court rejected this constitutional attack and affirmed his conviction. *State v. Anderson,* 620 S.W.2d 378 (Mo.1981).

In September 1981 appellant filed this petition for writ of habeas corpus raising four grounds for relief: (1) the state improperly called a witness who was not listed as a prosecution witness, (2) the jury was unconstitutionally selected, (3) appellant was unlawfully arrested and did not receive a full and fair hearing, and (4) two state witnesses committed perjury at the trial. The district court referred the petition to a magistrate pursuant to 28 U.S.C. § 636(b). The magistrate found that appellant had failed to exhaust available state remedies with respect to every ground except the jury selection ground[2] and recommended an evidentiary hearing on that ground in light of *Henson v. Wyrick,* 634

---

1. Pursuant to Mo.Rev.Stat. § 494.250(1) (1978), the Clerk of the Board of Jury Commissioners prepares a list of prospective jurors by selecting names at random from voter registration lists. If, after the list of prospective jurors is exhausted by absences or excuses for cause, the number of remaining prospective jurors is less than 24, the sheriff on order of the court "shall summon petit jurors during the term from the bystanders." *Id.* § 494.250(2); *see State v. Alexander,* 620 S.W.2d 380, 384 (Mo. 1981) (banc).

2. Appellant may raise the other grounds for relief in state post-conviction relief proceedings. Appellant exhausted available state remedies with respect to the jury selection ground by raising that issue before the Missouri Supreme Court. All that we require is that a state be given one full and fair opportunity to decide a question. *E.g., Eaton v. Wyrick,* 528 F.2d 477, 480 (8th Cir.1975).

F.2d 1080 (8th Cir.1980) (filed Nov. 12, 1980), *cert. denied,* 450 U.S. 958, 101 S.Ct. 1417, 67 L.Ed.2d 383 (1981), a case decided after the trial in the present case in which this court disapproved of the same method of bystander juror selection. *Anderson v. Frey,* No. 81–1187–C(2) (E.D.Mo. Dec. 8, 1981).

Following the Supreme Court's disapproval of mixed petitions for writ of habeas corpus in *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), appellant elected to waive his three unexhausted grounds and to proceed on the jury selection ground only. Following an evidentiary hearing, the magistrate found that the method used to select bystander jurors in the present case did not violate due process and distinguished the present case from *Henson* on three grounds: the sheriff did not personally select any of the bystander jurors but delegated that responsibility to deputy sheriffs and city marshals, the sheriff placed some limitations on the exercise of discretion by the deputy sheriffs and no sheriff's department personnel testified on behalf of the prosecution. *Anderson v. Frey,* No. 81–1187–C(2) (E.D.Mo. Aug. 9, 1982). The district court accepted the report and recommendation of the magistrate and denied the petition for writ of habeas corpus. This appeal followed.

*Background Facts*

Appellant's trial was held in October 1980 in New Madrid County, Missouri. New Madrid County is a rural and relatively sparsely populated county in southeast Missouri. In 1980 the county sheriff's department consisted of a sheriff, four full-time deputies and several city marshals who served as part-time deputies. The sheriff is an elected official. The sheriff's department's duties include law enforcement, criminal investigation, subpoenaing prospective jurors and witnesses, and delivering civil summonses. The sheriff also serves as the bailiff during criminal trials and is in charge of or supervises the selection of bystander jurors upon order of the county circuit court pursuant to Mo.Rev.Stat. § 494.250(2). At the evidentiary hearing the sheriff testified that in 1980 in order to select bystander jurors he would contact the deputy sheriffs

and city marshals by radio and direct them to select a certain number of persons for jury service. The sheriff would give the deputy sheriffs and city marshals general guidelines (i.e., sex and race) in order to produce a mixed panel of bystander jurors representative of the county. The deputy sheriffs and city marshals testified that they selected bystander jurors within these general guidelines. They tried to select "upstanding citizens" who were county residents and "available" for jury service on the basis of their personal knowledge of the particular individual. The sheriff testified that he would veto a particular bystander juror if the individual was a close friend or for some other good reason unqualified.

Of the twenty-six prospective jurors summoned by the Clerk of the New Madrid County Board of Jury Commissioners for appellant's trial, four were absent and four were removed for cause. The state trial court directed the sheriff to summon a total of thirteen bystander jurors to complete the jury panel. The sheriff contacted five deputy sheriffs and one city marshal, who was not an employee of the sheriff's department, and asked them to find the necessary bystander jurors. The selections were made on short notice; the supplemental venire orders were issued on October 27 and 28 and the trial was scheduled to begin October 29. The sheriff was slightly acquainted with all thirteen bystander jurors but did not know any of them well. On the first day of trial one of the bystander jurors was removed for cause and two were absent. Appellant challenged the ten bystander jurors for cause and then moved to quash the jury panel on the grounds that the jury commissioners had improperly failed to summon a sufficient number of prospective jurors and the necessary bystander jurors had been selected by the sheriff. The state trial court denied both motions. Three of the bystander jurors served on appellant's jury.

The New Madrid County sheriff's department conducted the investigation of the attempted armed robbery for which appellant was convicted. The sheriff testified that he did not personally conduct the in-

vestigation but that he was the supervisor of the deputy sheriff who was primarily responsible for the investigation. The investigating deputy sheriff was not involved in the selection of the bystander jurors. The sheriff served as the bailiff during appellant's trial but did not testify at the trial. The investigating deputy sheriff was called as a witness by the defense [3] and testified about his investigation and about written and oral statements made by one of the persons involved in the attempted armed robbery which tended to incriminate appellant.

*Discussion*

■ The issue in the present case is whether the sheriff's involvement in the selection of bystander jurors deprived appellant of due process.

This court has been concerned with the opportunity for abuse presented when the sheriff or another "key man" exercises discretion in selecting bystander jurors to complete jury panels. *See Ross v. Wyrick,* 581 F.2d 172, 174–75 (8th Cir.1978) (unconstitutional underrepresentation of blacks on master jury list was not cured by sheriff's personal selection of blacks as bystander jurors); *cf. Cravens v. United States,* 62 F.2d 261, 271 (8th Cir.1933) (selection of bystander jurors by "interested" marshal under repealed federal statute), *cert. denied,* 289 U.S. 733, 53 S.Ct. 594, 77 L.Ed. 1481 (1933). This court has reviewed the sheriff's selection of prospective jurors in three recent cases, *Henson v. Wyrick,* 634 F.2d 1080 (8th Cir.1980), *Holt v. Wyrick,* 649 F.2d 543 (8th Cir.1981), *cert. denied,* 454 U.S. 1143, 102 S.Ct. 1002, 71 L.Ed.2d 295 (1982), and *Thompson v. White,* 661 F.2d 103 (8th Cir.1981), *vacated and remanded,* 456 U.S. 941, 102 S.Ct. 2003, 72 L.Ed.2d 463 (1982), *on remand,* 680 F.2d 1173 (1982) (per curiam), *cert. denied,* —— U.S. ——, 103 S.Ct. 830, 74 L.Ed.2d 1024 (1983).

In *Henson v. Wyrick* the record showed that the sheriff handpicked his acquaintances to serve as bystander jurors.[4] 634 F.2d at 1081–82. The sheriff was not personally involved in the investigation of the crime at issue in the case, but the sheriff's subordinates were responsible for the investigation and the arrest of the defendant and testified at trial. *Id.* The court held that the sheriff's selection of his acquaintances as the bystander jurors in order to complete the jury panel violated the defendant's due process rights. *Id.* at 1084. The court stated that although neither the fact that some jurors were acquaintances of the sheriff nor the fact that the state court allowed the sheriff some discretion in the selection of bystander jurors would in itself invalidate the conviction, *id.,* there was a considerable, and unacceptable, risk that the sheriff would select bystander jurors sympathetic to the prosecution. *Id.* at 1085. In addition there was the possibility that the jurors would associate the credibility of the sheriff with that of the deputy sheriff who was a prosecution witness. *Id.* The court recognized that defense counsel has the opportunity to show bias on voir dire and thus protect the defendant from the potentially prejudicial bystander jurors selected by the sheriff but rejected voir dire as an adequate remedy. *Id.* "The subtleties involved in identifying [prospective] jurors' sympathies and predicting their evaluation of the deputies' prospective testimony are often too intangible to identify during voir dire." *Id.* Moreover, the availability of voir dire does not really address the defendant's complaint that the method

---

**3.** Appellant represented himself at his trial. He did so against the advice of his defense attorney. The defense attorney conducted the voir dire proceedings and assisted appellant throughout the rest of the trial.

**4.** The sheriff in *Henson v. Wyrick,* 634 F.2d 1080, 1081 (8th Cir.1980), *cert. denied,* 450 U.S. 958 (1982), testified that

to select bystander jurors he would go through the phone book or a list prepared by his office and, knowing the people in the

county, select "regular citizens [and] high standard people to be jurors." The sheriff admitted that he would sometimes select jurors without relying on the phone book by calling people he thought would be available. Other times the sheriff would select standby jurors from local banks or businesses. The sheriff generally knew all the people he called. He made a conscious effort to select "solid citizens" and persons whom jury service would not inconvenience, e.g., retired persons or, in the winter, farmers.

used to select bystander jurors was itself fundamentally unfair. *Cf. Glasser v. United States,* 315 U.S. 60, 85–86, 62 S.Ct. 457, 471–72, 86 L.Ed. 680 (1942) (dangers in selection of prospective jurors). The court concluded that under the circumstances a showing of actual bias was not necessary and granted the defendant a new trial. 634 F.2d at 1085 & n. 5, *citing Peters v. Kiff,* 407 U.S. 493, 502–04, 92 S.Ct. 2163, 2168–69, 33 L.Ed.2d 83 (1972).[5]

The facts were slightly different in *Holt v. Wyrick.* In *Holt* the defendant's trial had been removed to the neighboring county on a change of venue. For that reason, the sheriff who selected the bystander jurors for the defendant's jury panel was not associated with the sheriff's office that conducted the investigation of the crime with which the defendant was charged. 649 F.2d at 546. The court held that " '[s]ince the sheriff and his deputies were not involved in [the investigation of] this case prior to trial, there was no question of the sheriff acting out of loyalty to deputies or on the basis of special knowledge of the facts of the case.' " *Id., citing State v. Holt,* 592 S.W.2d 759, 768 (Mo.1980). "Equally important" to the court was the fact that the defendant presented no evidence that the sheriff had selected only his acquaintances to serve as bystander jurors. 649 F.2d at 546.

In *Thompson v. White* the sheriff personally selected the entire jury panel pursuant to an order of the state trial court,[6] not just the bystander jurors. Although the sheriff

did not investigate the crime, the sheriff knew that the defendant was charged with fatally shooting a local law enforcement officer. The court concluded that under these circumstances "[t]he sympathy that the sheriff would feel for a fellow officer and his family would provide 'great potential for the sheriff to handpick jurors sympathetic to the prosecution.' " 661 F.2d at 107, *citing Henson v. Wyrick,* 634 F.2d at 1084. The court concluded that the case was much closer to *Henson* than to *Holt* and vacated the defendant's conviction.

The present case is a close one on the facts. The sheriff was not personally involved in either the criminal investigation or, unlike *Henson,* the actual selection of the bystander jurors. However, unlike *Holt,* the criminal investigation and the actual selection of the bystander jurors were handled by the same sheriff's employees under his supervision. Under these circumstances we think the present case is much closer to *Henson.*

The central concern in the *Henson* case was the fundamental unfairness of an interested official's selecting the bystander jurors. 634 F.2d at 1082, *citing Cravens v. United States,* 62 F.2d at 271. The *Henson* court characterized the sheriff as an interested official because of the sheriff's institutional role and professional involvement in law enforcement, not because of any personal motives. 634 F.2d at 1084; *see State v. Alexander,* 620 S.W.2d at 386 (Bardgett, J., concurring) ("The sheriff is the chief law enforcement official in the

---

5. Illegal and unconstitutional jury selection procedures cast doubt on the integrity of the whole judicial process. They create the appearance of bias in the decision of individual cases, and they increase the risk of actual bias as well.

   . . . .

   It is in the nature of the practices here challenged that proof of actual harm, or lack of harm, is virtually impossible to adduce. For there is no way to determine what jury would have been selected under a constitutionally valid system, or how that jury would have decided the case. Consequently, it is necessary to decide on principle which side shall suffer the consequences of unavoidable uncertainty. In light of the great potential for harm latent in an unconstitutional jury-

selection system, and the strong interest of the criminal defendant in avoiding that harm, any doubt should be resolved in favor of giving the opportunity for challenging the jury to too many defendants, rather than giving it to too few.

*Peters v. Kiff,* 407 U.S. 493, 502–04, 92 S.Ct. 2163, 2168–69, 33 L.Ed.2d 83 (1972) (citations and footnote omitted) (standing question).

6. The defendant was first tried in state court in 1961, but that conviction was reversed and the case remanded for a new trial following post-conviction relief motions. The defendant was again tried and convicted in 1966. The defendant challenged the jury selection in his 1966 trial in his petition for writ of habeas corpus in federal district court.

county and in my opinion can never be regarded as totally unbiased regarding a criminal prosecution, regardless of what agency did the investigation. Sheriffs want prosecutions to be successful .... "). Where the underlying crime involves a law enforcement officer, as in *Thompson,* the sheriff's institutional interest in the prosecution and conviction of the defendant is exacerbated. Where the investigation did not involve a fellow law enforcement officer and was conducted by a different law enforcement agency, as in *Holt,* the sheriff's institutional interest is arguably attenuated. 649 F.2d at 546.

We are not persuaded that the sheriff has significantly reduced his institutional interest by delegating the actual selection of the bystander jurors to his subordinates. The sheriff is their immediate superior and can veto any of their selections. Moreover, the deputies are employees of the sheriff's department and thus share the sheriff's institutional and professional interest in successful prosecutions. One of the city marshals was not an employee of the sheriff's department but has a similar institutional interest in law enforcement. The fact that the sheriff may have limited the exercise of discretion by the selecting officials by specifying neutral and objective selection criteria, such as residency and availability, does not address the constitutional defect at issue: the selection of bystander jurors by an interested official or his or her subordinates or professional associates. It is the participation of an interested official in the juror selection process that is fundamentally unfair. As noted in *Henson,* neither the exercise of some discretion nor the fact that some bystander jurors, or even all the bystander jurors, are acquainted with the sheriff will invalidate the conviction. 634 F.2d at 1084. We are concerned with the integrity and fairness of the method[7] used to select the bystander jurors.

We are aware that the pressure of time and the small population in rural areas may make the selection of bystander jurors by the sheriff the more expedient method.

However, we believe that fundamental fairness requires a different method of bystander juror selection. The *Henson* court suggested random selection from a master jury list or the appointment of a special bailiff. *Id.* at 1085. There was some indication during oral argument that the problem of the selection of bystander jurors has been circumvented by the summoning of more prospective jurors, thus reducing the likelihood that bystander jurors would be required in any particular case.

Accordingly, the judgment of the district court is reversed. The district court is directed to grant the writ of habeas corpus and vacate the conviction. The state authorities should be directed to release appellant unless appellant is granted a new trial within a reasonable period of time as determined by the district court.

---

7. Our holding that the *method* of bystander juror selection used in the present case is fundamentally unfair does not represent any nega- tive evaluation of the sheriff's conduct or that of his deputies in selecting the bystander jurors.