**STATE of Missouri, Plaintiff-Respondent,**

v.

**Donald R. BARNER, Defendant-Appellant.**

No. 13134.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 3, 1983.

Tyrone Gaither, Louis J. Nolan, Gaither & Nolan, Springfield, for defendant-appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Presiding Judge.

The defendant was charged with murder in the second degree. He was found guilty by a jury and his punishment fixed at imprisonment for 18 years. A brief summary of the facts is sufficient to frame the issues. On the night of April 19, 1982, the defendant and four others were playing poker with the victim in his home near Everton. They were all in varying stages of intoxication. A quarrel developed between the victim and one Pierce over a pot. The victim took out a knife and opened it and said he ought to stick Pierce. According to the defendant, the victim became frantic, saying where's my gun. The defendant obtained one of defendant's guns, a 30/30 rifle, and re-entered the room. Again according to the defendant, but not the others present, the victim shouted, "I'll kill you too" and threw the knife at the defendant. The defendant shot the victim in the chest.

The issue of self-defense, § 563.031, was raised. However, the defendant does not question the sufficiency of the evidence. He contends the trial court erred in overruling his motion to quash the jury panel because that panel had been improperly assembled.

The jury commission for Dade County, a third class county, selected 24 regular jurors and 24 alternate jurors for the term in question. Summons for those jurors were delivered to the sheriff. He summoned the 24 regular jurors. The court ordered the sheriff to summon 16 additional jurors for the panel for the defendant's trial. As directed by the county clerk, the sheriff by telephone calls began to solicit individuals, bystanders, for jury service. Nine of the

persons so solicited agreed to appear as additional jurors. After complaint by the defendant's attorney, the sheriff started calling alternate jurors to serve. As a result, 39 jurors appeared for the panel for defendant's trial. Twenty-three were regular jurors, nine were solicited "bystanders" and seven were solicited alternates. The state argues this was substantial compliance with the required procedure and prejudice has not been demonstrated. They cite cases such as *State v. Johnson,* 606 S.W.2d 655 (Mo.1980); *State v. Friend,* 607 S.W.2d 902 (Mo.App.1980); *State v. McGill,* 510 S.W.2d 782 (Mo.App.1974).

The procedure to be followed in Dade County is prescribed by statutes, including § 494.060, § 494.220, § 494.250, § 494.260 and § 494.290. The statutes have recently received authoritative interpretation. *State v. Gresham,* 637 S.W.2d 20 (Mo. banc 1982); *State v. Alexander,* 620 S.W.2d 380 (Mo. banc 1981). In analyzing this case, this court acknowledges the absolute good faith of the officials involved and customary informality in procedure in many counties.

■ The trial court properly ordered the sheriff to summon additional jurors. § 494.290. However, the sheriff then solicited bystanders, apparently acquaintances, to agree to serve by approximately 60 phone calls. He did not "summon petit jurors during the term from the bystanders, after the list of alternate petit jurors has been exhausted." § 494.250; *State v. Alexander,* supra. Only after direction by the court did he turn to the alternates. He did not summon those alternates, but solicited their agreement to appear. At least some, if not all, of the bystanders and alternates solicited were advised they were to appear for a murder trial and the jury selected could be sequestered. Those called were not "excused by the court," § 494.260, but by the sheriff upon the basis of business affairs, inconvenience or other reasons deemed adequate.

■ "The legislature has seen fit to prescribe the manner of selecting juries. The officers charged with this duty must at least substantially comply with the procedure prescribed. Courts are not authorized to ignore, emasculate or set aside the statutory provisions." *State v. McGoldrick,* 361 Mo. 737, 740, 236 S.W.2d 306, 308 (1951). The procedural deviations in this case are of far greater consequence than those in the cases cited by the state. This court finds they have greater import than those condemned in *State v. Gresham,* supra. There was not substantial compliance.

Further, there is a more fundamental reason the defendant's position is sound. Statutes authorizing the summoning of bystanders by the sheriff have been held not to be per se unconstitutional. *State v. Johnson,* supra; *Holt v. Wyrick,* 649 F.2d 543 (8th Cir.1981). But, *Anderson v. Frey,* 715 F.2d 1304 (8th Cir.1983), *must be* read with care. In that case the court declared, "we believe that fundamental fairness requires a different method of bystander juror selection." The Supreme Court of this state has declared it preferable to have the jury commissioners select additional jurors. *State v. Bostic,* 625 S.W.2d 128 (Mo.1981).

■ When jurors are selected by the sheriff there exists the possibility of denial of due process to the defendant. To establish such denial, when the potential for prejudice is great, actual prejudice need not be shown. *Henson v. Wyrick,* 634 F.2d 1080 (8th Cir.), cert. den. 450 U.S. 958, 101 S.Ct. 1417, 67 L.Ed.2d 383 (1981). Not all encompassing list of factors creating a potential for prejudice has been promulgated. A prime factor that has been recognized is the sheriff's participation in the investigation of the reported crime. *Anderson v. Frey,* supra. This factor assumes greater importance when the investigating officers are witnesses to establish the case against the defendant. In this case the admirably complete investigation was conducted by the sheriff and his deputies. The sheriff and his deputies testified. Their testimony included disputed facts and declarations of the accused. An obvious additional factor is the manner in which the sheriff solicited *and* excused individuals for jury service. Under the standards mandated by *Henson*

*v. Wyrick,* supra; *Thompson v. White,* 680 F.2d 1173 (8th Cir.1982), cert. den. —— U.S. ——, 103 S.Ct. 830, 74 L.Ed.2d 1024 (1983); *Anderson v. Frey,* supra, the conviction must be set aside. The judgment is reversed and the cause is remanded for a new trial.

HOGAN and PREWITT, JJ. concur.