**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Darrell KING, Defendant-Appellant.**

**No. 14033.**

Missouri Court of Appeals, Southern District, Division Three.

Nov. 27, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 13, 1985.

William L. Webster, Atty. Gen., Michael H. Finkelstein, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

C.J. Larkin, Columbia, for defendant-appellant.

PREWITT, Chief Judge.

Following jury trial defendant was convicted of conspiracy to commit burglary and stealing. See § 564.016, RSMo 1978. He was sentenced to 5 years' imprisonment and fined $5,000. On appeal defendant presents two points relied on.

In one of his points defendant contends that there was insufficient evidence to sustain the conviction "in that the only evidence linking the appellant to the crime was the testimony of two juvenile, alleged accomplices, which was inherently suspect and, therefore, the state could not establish the existence of an agreement which is a necessary element of the crime of conspiracy."

In reviewing to determine if the evidence was sufficient to support the charge, the evidence favorable to the state, including all favorable inferences drawn from the evidence, is accepted as true and all evidence and inferences to the contrary are disregarded. *State v. Mitchell*, 689 S.W.2d 143, 146 (Mo.App.1985).

There was evidence that defendant and the juveniles agreed that the juveniles would hide in a J. C. Penney store until it closed. They would then carry out certain items of merchandise and defendant would come in an automobile to pick up the juveniles and the goods. Defendant drove the juveniles to the shopping center where the store was located. The juveniles hid in the store until it closed and then removed merchandise from the store. They then called defendant from a nearby pay phone. Except for a leather coat worn by one of the juveniles, the arrival of the police officers prevented the merchandise from being removed further than just outside the store. Defendant drove his car near the store and picked up the juveniles and took them back to his house. After a coat belonging to one of the juveniles was found near the merchandise removed, that juvenile was questioned by the police and he told them of defendant's involvement.

Although the testimony of one of the juveniles had some inconsistencies, the testimony of the other did not. Whether the inconsistencies of the one juvenile's testimony were sufficient to nullify it we do not decide, as the testimony of the other juvenile was sufficient to support the conviction. In Missouri the uncorroborated testimony of an accomplice that a defendant committed a crime is sufficient to support a conviction, unless that testimony is so lacking in probative force as to preclude it from constituting substantial evidence. *Neal v. State*, 669 S.W.2d 254, 258 (Mo. App.1984).

There was nothing in the one juvenile's testimony which prevented it from constituting substantial evidence of the agreement the juveniles had with defend-

ant to commit the crimes. The believability of the juvenile, his credibility, and the weight of his testimony were for the jury to determine. *State v. Dick*, 636 S.W.2d 425, 427 (Mo.App.1982). There was sufficient evidence to support the conviction.

Defendant contends in his remaining point that the trial court committed "plain error" by not quashing the jury panel as it was "conviction prone" because a deputy sheriff procured additional jurors in accordance with § 494.250.2, RSMo Supp.1984. Defendant asks for plain error review because no objection was made at trial to the manner of selecting the three additional veniremen and no other request for relief on this ground was made until the motion for new trial.

 The record does not support defendant's contentions regarding the manner of the selection of the additional veniremen. The record shows that three additional persons were selected, but there is no explanation of how their selection occurred. In addition, there is no showing in the record of prejudice to defendant or that defendant was adversely affected by the manner of selection. A defendant must show that he has been prejudiced or that his interests have been adversely affected by the manner of jury selection in order to receive relief on that basis. *State v. Bostic*, 625 S.W.2d 128, 129 (Mo.1981). No plain error is present as the record does not establish that manifest injustice or miscarriage of justice resulted. Rule 30.20.

The judgment is affirmed.

CROW, P.J., and FLANIGAN and MAUS, JJ., concur.