**Milton BROOKINS, Respondent,**

v.

**STATE of Missouri, Appellant.**

No. 40177.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 19, 1978.

John D. Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for appellant.

Thomas C. Mummert, III, Huck & Kasten, Inc., St. Louis, for respondent.

REINHARD, Presiding Judge.

Movant was convicted by a jury on December 17, 1969, of first degree robbery by means of a dangerous and deadly weapon. He was sentenced to a term of 60 years. That sentence was affirmed on appeal by the Missouri Supreme Court. *State v. Brookins,* 468 S.W.2d 42 (Mo.1971).

In 1972 movant filed a post-conviction motion pursuant to Rule 27.26 alleging that the court erred in admitting the deposition of an identification witness without any showing that the state had made a good-faith effort to obtain the presence of this witness at trial. The issue had not been presented in movant's motion for a new trial or on his direct appeal. Movant alleged that he was entitled to review of this issue in 27.26 proceedings because his right to confrontation under the Sixth Amendment had been denied and because the issue had not been previously ruled on. Defendant further alleged that he was entitled to relief because of ineffective assistance of counsel.

The trial court found against the defendant on the ineffectiveness of counsel contention, but granted relief because of the Constitutional issue.

We are to affirm the trial judge in a 27.26 proceeding unless his findings, conclusions, and judgment are "clearly erroneous". The standards apply whether the state or defendant appeals. *Vidauri v. State,* 515 S.W.2d 562, 567 (Mo.1974); *State ex rel. Reece v. Campbell,* 551 S.W.2d 292, 298 (Mo.App.1977).

Appellant's sole point on appeal is:

The Circuit Court was clearly erroneous in granting respondent's motion under Rule 27.26 on the basis that respondent was denied his Sixth Amendment right to confrontation by the admission at trial of the deposition of an absent witness, because respondent's failure to raise this contention in his Motion for New Trial and on appeal constituted, in the light of the surrounding facts and circumstances, a deliberate bypass of orderly state procedure by respondent and thus rendered this issue unreviewable on collateral attack.

Appellant relies on *McCrary v. State,* 529 S.W.2d 467 (Mo.App.1975), where we said:

[I]t is now settled by numerous decisions in both the federal and state systems that where there is a deliberate bypass, whether for strategic, tactical or

**842**

other reasons, of orderly state procedure, a movant is precluded from raising a constitutional issue on a post conviction motion.

*Id.* at 472.

The trial court in this case specifically found that "movant did not deliberately or intentionally bypass any procedural rules." In 27.26 appeals we are to defer to the fact findings of the trial court where supported by the evidence. *Vidauri v. State,* 515 S.W.2d at 570. And while other trial courts could have, we believe correctly ruled contrary to the ruling here, we can not say that the findings, conclusion and judgment of the trial court here are clearly erroneous. This determination in no way affects the merit or vitality of the cases relied on by the appellant.

We affirm.

CLEMENS and GUNN, JJ., concur.