Joseph V. KEARNS, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. 40264.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 26, 1979.

---

David V. Uthoff, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Douglas A. Forsyth, Asst. Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Movant appeals from the denial of his Rule 27.26 motion to vacate his plea of guilty and conviction for the offense of Robbery First Degree by Means of a Dangerous and Deadly Weapon. He had been sentenced to serve a term of twelve years in the Department of Corrections. The circuit court denied the 27.26 motion without an evidentiary hearing. Movant contends that the court erred in denying him the evidentiary hearing.

On appeal movant claims the following allegations in his first amended motion entitled him to an evidentiary hearing: (1) that the plea was not "knowingly and understandingly made" because he was under the influence of a narcotic drug during the guilty plea proceeding, and (2) that the plea was not "voluntarily and understandingly made" due to ineffectiveness of counsel. Specifically, movant contends that counsel was ineffective, and that such ineffectiveness tainted his guilty plea, because counsel

was aware, or should have been aware, that movant was under the influence of drugs, and therefore, should not have permitted movant to withdraw his former plea of not guilty. Further movant contends that he was denied effective assistance of counsel because his retained counsel did not appear at his preliminary hearing, and because counsel failed to make an investigation to determine whether the victim would be able to testify or appear at trial proceedings, since counsel knew that the victim was a citizen of a foreign country.

■ In order to qualify for an evidentiary hearing on a 27.26 motion, movant must meet the requirements established in *Smith v. State*, 513 S.W.2d 407 (Mo.banc 1974). These requirements are: (1) the motion must allege facts, not conclusions, warranting relief; (2) those facts must raise matters not refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the defendant.

On March 2, 1976, Kearns entered a plea of guilty before Judge Gary M. Gaertner. During this hearing the court specifically and extensively questioned him whether he was on "any kind of drugs", whether he had "sufficient time to consult with [his] attorney on all matters pertaining to [the] case", whether he was satisfied with his attorney's competence, and whether he had consulted with his attorney and understood the plea of guilty. He responded that he was not on drugs, that he had been afforded sufficient time to consult with his attorney, that he believed counsel was competent, that he was satisfied with his attorney, and that he had consulted with his attorney and understood the plea of guilty.

Kearns acknowledged to the court the following scenario regarding the robbery. He had seen an advertisement in the Trading Times for a coin collection sale and contacted the owner (victim) by phone who told Kearns that he had the coins at his home. Kearns involved another person in the crime; they went to the victim's home. They entered the house, Kearns displayed a revolver as they entered, and they tied up the victim's in-laws. They attempted to tie up the victim but he broke loose. They hit the victim over the head several times and he fell to the floor. Kearns and his cohort took the coin collection and fled. The victim chased Kearns, running down the street stating that he had been robbed. Some citizens in the street aided the victim in apprehending movant and his accomplice.

Movant's attorney told the court that a motion to suppress the identification had been filed but that because four witnesses had substantiated the contents of the police report, the defense believed that the motion to suppress would not be sustained. The state recommended a sentence of twelve years and defendant stated that he was aware of his recommendation, and that he understood, even though the recommendation was going to be made, that the court was not bound by it. Defendant previously had been convicted of armed robbery.

■ Movant's contention that his plea was not "knowingly and understandingly made" because he was under the influence of a narcotic drug during the guilty plea proceeding is clearly refuted by the record of the hearing as set forth above. Kearns had undergone a psychiatric examination prior to his entry of the plea of guilty. Counsel, in the presence of defendant, indicated that the report showed that the defendant was capable of participating in the court proceedings. Defendant had twelve years of education, and told the court that he was not on any kind of drug or intoxicating liquor. He was under oath when he made this statement. Movant now claims that the court should have made further inquiry and investigation. He was asked the questions. He answered clearly. The court held an extensive hearing and had an opportunity to observe the defendant. This contention, therefore, is without merit as it is clearly refuted by the record.

■ Movant's next contention deals with his allegations that his plea was not "voluntarily and understandingly made" due to ineffectiveness of counsel. The cases clearly establish that on a plea of guilty, the

issue of adequate assistance of counsel goes only to whether such alleged ineffectiveness affected the voluntariness of the plea. *Taylor v. State*, 573 S.W.2d 463[1] (Mo.App. 1978). Movant's contention that counsel knew he was under the influence of a narcotic drug is—as was his previous contention—refuted by the record. If movant was not under the influence of drugs, as he told the court, how could his attorney know or assert that he was? This contention is absurd.

The allegation that counsel was ineffective because he did not appear at the preliminary hearing must fail because his plea of guilty waives all non-jurisdictional, procedural and constitutional infirmities at any prior stage of the proceeding. *Geren v. State*, 473 S.W.2d 704[3] (Mo.1971). Furthermore, the contention is merely conclusory since no allegation is made as to how defendant was prejudiced by retained counsel's failure to appear. The defendant was represented by the Public Defender's Office at that hearing.

It is movant's final contention that counsel was ineffective due to his failure to investigate the case. The claim that counsel should have determined whether the victim would be able to testify at trial proceedings is conclusory. Movant makes no factual allegation that the victim *was* unable to testify, nor does he indicate why the victim would be unable to testify, if such were true.

Finding the order of the trial court denying movant's 27.26 motion without an evidentiary hearing not to be clearly erroneous, *Brookins v. State*, 575 S.W.2d 841 (Mo. App.1978), we hereby affirm.

GUNN and CRIST, JJ., concur.