**William DUNN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 43220.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 19, 1981.

Motions for Rehearing and/or Transfer to Supreme Court Denied July 10, 1981.

Application to Transfer Denied
Sept. 8, 1981.

Gary L. Robbins, Public Defender, Scott E. Walter, Jackson, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Gary Stevenson, Prosecuting Atty., Farmington, for respondent.

CLEMENS, Senior Judge.

Movant William Dunn, hereafter "defendant", appeals the summary denial of his Rule 27.26 motion. Thereby he sought to vacate his jury conviction and two concurrent five-year sentences for unlawful sale of controlled substances, and also for three concurrent ten-year sentences on his pleas of guilty to other narcotic sales.

By his motion defendant contended his counsel was ineffective by conferring with him for only two hours, and failed to confer with state and defense witnesses. By its memorandum the trial court summarily denied defendant's motion because court records refuted defendant's contentions of ineffective assistance of counsel.

To warrant an evidentiary hearing a Rule 27.26 motion must allege facts rather than conclusions warranting relief; those facts must raise matters not refuted by the records in the case; and the matters complained of must have resulted in prejudice to defendant. *Kearns v. State*, 583 S.W.2d 748[1] (Mo.App.1979).

In denying defendant's contention his counsel conferred with him for only two hours the trial court found the record showed the one private and two public defenders spent many hours with him, moved for a continuance and requested and received additional time to confer with defendant. We cannot find the trial court's ruling was clearly erroneous, as required by *State v. Choate*, 588 S.W.2d 163[1, 2] (Mo. App.1979).

We consider defendant's contention his counsel inadequately prepared for trial by not conferring with state and defense witnesses and informing him of their expected testimony. His motion did not name these witnesses nor say what their testimony would have been. In this, defendant's motion was insufficiently factual to require an evidentiary hearing. *Charles v. State*, 570 S.W.2d 700[1] (Mo.App.1979).

We deny defendant's contentions of inadequate assistance of counsel.

For the first time, on appeal defendant now contends that in denying his motion the trial court erred in its memorandum by relying on *Seales v. State*, 580 S.W.2d 733 (Mo. banc 1979). This, defendant contends because *Seales* reversed for an evidentiary hearing. True, but the reason was that defendant had alleged there were two critically material witnesses whom counsel failed to subpoena. No such ground is alleged here; *Seales* is not in point.

Let us concede for the sake of argument that the trial court's citation of *Seales* did not support its judgment. So? If the decision can be sustained on any ground, stated or not, it will be upheld. *Cox v. State*, 578 S.W.2d 54[1, 2] (Mo.App.1979).

On our own motion, we consider and deny defendant's second point.

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.