**Darrell William BARNETT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 43437.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 30, 1981.

Clinton B. Roberts, Farmington, for appellant.

John Ashcroft, Atty. Gen., Thomas G. Auffenberg, Kristie Green, Asst. Attys. Gen., Jefferson City, Gary E. Stevenson, Pros. Atty., Farmington, for respondent.

REINHARD, Judge.

Darrell William Barnett, movant, pleaded guilty to the crime of burglary second degree. He was sentenced to serve a term of ten years in the Division of Corrections. He subsequently filed a motion under Rule 27.26 seeking to have the court vacate the guilty plea. The trial court, after making its findings, denied the motion without an evidentiary hearing. Movant appeals contending that the court erred in failing to hold an evidentiary hearing.

On appeal, movant claims the following allegations in his motion entitled him to an evidentiary hearing: (1) that movant's mental condition, at the time of his guilty plea, was so debilitating that his consequent guilty plea was involuntary; (2) that movant was denied effective assistance of counsel in that counsel allowed movant to plead guilty to the charge of burglary without apprising him of the elements of burglary and failed to object to the trial court's consideration of unconstitutional prior convictions in arriving at a maximum sentence for movant; and (3) that movant was prejudicially sentenced by the trial court's consideration of unconstitutional prior convictions in arriving at a maximum sentence for movant.

In order to qualify for an evidentiary hearing on a 27.26 motion, movant must meet the requirements set forth in *Kearns v. State*, 583 S.W.2d 748, 750 (Mo.App.1979). These requirements are: (1) the motion must allege facts, not conclusions, warranting relief; (2) these facts must raise matters not refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the defendant.

The record reveals that movant's trial was to begin on August 30, 1977. After the jury was impaneled, movant decided to enter a plea of guilty. During the plea proceeding, the court specifically and extensively questioned movant with respect to his understanding of his plea of guilty. Movant testified that he understood the consequences of his plea and the nature of the charge against him and that he had discussed the case with his attorney on numerous occasions. Further, movant stated that he had been given medication the night before while in the hospital for tests (not mental) but that this did not affect his ability to reason and that he fully knew what he was doing. Movant related in detail to the court the manner in which he had committed the crime. No request for mental examination had been filed prior to the plea and movant had not asserted the defense of mental disease or defect. Finally, movant's counsel stated he knew of no reason why movant should not enter a plea of guilty.

Movant's first contention is that his mental condition was so debilitating

that his consequent guilty plea was involuntary. The test as to whether an accused is competent to plead is "whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. U.S.*, 362 U.S. 402, 403, 80 S.Ct. 788, 789, 4 L.Ed.2d 824; *Pulliam v. State*, 480 S.W.2d 896 (Mo.1972). The trial court in its findings held that the defendant's plea was voluntarily and intelligently made. The record substantiates this finding. Movant had discussed the case several times with his attorney, he acknowledged his understanding of the plea and its consequences, and he even requested immediate sentencing in order to be placed in the penitentiary without further delay. Movant's answers during the questioning were clear and concise. Throughout this proceeding, the trial judge had an opportunity to observe and interrogate movant at length. At no point prior to the present motion has the question of movant's competency been raised by the judge, movant's counsel, or anyone else involved in the case. Thus, under the circumstances of this case, movant's contention fails as it is clearly refuted by the record.

■ Movant next contends that he was denied effective assistance of counsel in that counsel failed to apprise him of the different elements of burglary. This contention is without merit as the trial judge recited the elements of the charge to movant at the guilty plea proceeding and movant acknowledged his understanding of these elements. *Pauley v. State*, 487 S.W.2d 565 (Mo.1972). The question of effectiveness of counsel goes only to the issue of whether or not the plea was knowingly and voluntarily made. *Jackson v. State*, 572 S.W.2d. 181, 182 (Mo.App.1978). Since movant was informed of the elements of the charge, the alleged ineffectiveness of movant's counsel is irrelevant.

■ Finally, movant contends that he was prejudicially sentenced when the trial court considered certain prior convictions, which were allegedly entered without the assistance of counsel, in arriving at a maximum sentence for movant. The movant's allegations in his motion state conclusions and not facts warranting relief, thus not entitling him to an evidentiary hearing. *Allen v. State*, 582 S.W.2d 361 (Mo.App. 1979). The allegations merely state that unconstitutional convictions were considered when the trial court sentenced him. Movant did not plead with particularity how many or which of his nine previous convictions were unconstitutional, nor did movant allege to which sentences his counsel should have objected. Regardless of the insufficiency of the allegations, movant failed to raise issues which resulted in prejudice to him. At the sentencing proceeding, the court made reference to only three of the convictions, none of which movant specifies in his motion as being unconstitutional.

Finding the order of the trial court denying movant's 27.26 motion without an evidentiary hearing not to be clearly erroneous, *Kearns v. State*, 583 S.W.2d 748 (Mo. App.1979), we hereby affirm.

DOWD, P. J., and CRIST, J., concur.