**Tommy WEBB, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 43006.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 25, 1981.

H. Carol Kuelker, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, St. Louis, for respondent.

CRIST, Presiding Judge.

Rule 27.26 motion to vacate judgment and sentence. The trial court denied the motion and we affirm.

On October 23, 1973, movant was convicted by a jury of carrying a concealed weapon

and assault with intent to kill with malice in the Circuit Court of the City of St. Louis. The defendant was sentenced to terms of five years for carrying a concealed weapon and twenty-five years for assault with intent to kill with malice. The sentences were to run consecutively.

At the time defendant was sentenced, § 546.480, RSMo. 1969 was in effect, which provided:

> When any person shall be convicted of two or more offenses, before sentence shall have been pronounced upon him for either offense, the imprisonment to which he shall be sentenced upon the second or other subsequent conviction shall commence at the term of imprisonment to which he shall be adjudged upon prior convictions.

Section 546.480, in other words, mandated that a criminal defendant serve consecutive sentences if convicted of at least two offenses before he was sentenced for either one of them.

The trial judge, after denying movant's motion for a new trial and before imposing consecutive sentences, indicated to the parties his awareness that the case of *State v. Baker*, 524 S.W.2d 122 (Mo.banc 1975), in which the constitutionality of § 546.480 was being questioned, was before the Missouri Supreme Court. The trial judge then stated his belief that § 546.480 would be found unconstitutional and remarked:

> I'm going to impose consecutive sentences in this case and I'm not doing it on the basis of what might be the literal interpretation of that statute. I'm giving him consecutive sentences on my evaluation of what the sanction [should be] for the particular crime for which he was guilty.

Subsequently, the Supreme Court, in *State v. Baker, supra*, found that the mandatory consecutive sentence statute denied equal protection and was therefore violative of the Fourteenth Amendment. Movant now complains that the trial court did not exercise discretion in imposing consecutive sentences in that it was compelled by § 546.480 to do precisely that. His complaint was answered in *Baker v. State*, 584 S.W.2d 65, 69 (Mo.banc 1979).

Our Supreme Court indicated there would be no error where the trial court spreads on the record his exercise of discretion regarding consecutive or concurrent sentences. In the case at bar, the trial judge explicitly employed his own analysis in determining that movant's sentences be served consecutively. He did not rely on § 546.480.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.