
Grover Cleveland McKINNEY, Jr.,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 44187.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 20, 1982.

Joseph V. Neill, St. Louis, for movant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Movant appeals from denial of motion to vacate convictions of first degree robbery and first degree murder under Rule 27.26. Movant's convictions and sentences were affirmed on direct appeal in *State v. McKinney*, 528 S.W.2d 1 (Mo.App.1975). This motion was denied without an evidentiary hearing. We affirm.

The trial court held movant's motion pled mere conclusions and not facts which, if proven, would entitle him to relief. Movant asserts he deserved an evidentiary hearing in that he alleged his trial counsel was ineffective because he did not investigate movant's alibi defense or interview alibi witnesses.

Movant has the burden of stating facts upon which he bases his claim of ineffective assistance of counsel, and is entitled to an evidentiary hearing only if he alleges facts, not conclusions, which if true, warrant relief. *Shepherd v. State*, 612 S.W.2d 384, 386 (Mo.App.1981).

Movant's motion read in pertinent part:

Movant will testify that his former counsel, one Daniel P. Reardon, rendered ineffective assistance of counsel for his defense in that said counsel failed to conduct appropriate pre-trial investigations and/or interview potential "alibi" witnesses movant wanted called and who's [sic] names and addresses movant gave counsel well in advance of trial and who would have testified that movant was elsewhere at the time of the alleged offenses; ...

Movant will call to testify in this matter, said defense witnesses, Eartha Macline,

Marseller Cab Company, Everly Ford, who will testify that had counsel contacted them prior to trial they would have testified as to movant's "alibi" defense.

The motion presented no detailed facts to demonstrate how the witnesses named, Eartha Macline and Everly Ford, could have specifically helped movant in his asserted alibi, other than, apparently, that he was "elsewhere at the time of the alleged offense." The allegations neither show what these witnesses would have said to benefit movant in his defense, nor do they indicate what specific facts would have been disclosed by such witnesses. *Clark v. State*, 578 S.W.2d 60, 61 (Mo.App.1978). Thus, the trial court did not err when it denied movant an evidentiary hearing based upon these allegations. *See also Simpson v. State*, 603 S.W.2d 9, 11 (Mo.App.1980) and *Dunn v. State*, 620 S.W.2d 13, 14 (Mo.App. 1981).

Judgment affirmed.

REINHARD, P. J., and SNYDER, J., concur.