Gerald Wayne TIMMS, Movant,

v.

STATE of Missouri, Respondent.

No. 44391.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 4, 1982.

Jack L. Duncan, Flat River, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, John W. Reid, II, Pros. Atty., Fredericktown, for respondent.

REINHARD, Presiding Judge.

Movant appeals from the denial of his Rule 27.26 motion to vacate his judgment and conviction. Movant entered pleas of guilty to burglary and stealing and was given concurrent sentences of ten and five years. The trial judge denied his 27.26 motion without an evidentiary hearing. We reverse and remand.

On appeal, movant contends that the court erred in denying him an evidentiary hearing. Our reading of his amended motion and the record before the trial court leads us to conclude he is entitled to an evidentiary hearing on one of his allegations. Movant's 27.26 motion alleges that he consumed a mind-altering drug, Thorazine, before appearing in court for the guilty plea proceedings. He alleges that his intoxication from the drug hindered his understanding, dulled his mental faculties and caused him to be less able to hear and understand the proceedings.

■ An evidentiary hearing is required if the motion alleges facts, not conclusions, that warrant relief, that raise matters not refuted by the files and records, and that resulted in prejudice to defendant. *Kearns v. State,* 583 S.W.2d 748, 750 (Mo. App. 1979). A plea of guilty while under the influence of drugs *may* render the plea involuntary. *Keller v. State,* 566 S.W.2d 260, 263 (Mo. App. 1978).

■ In *Kearns v. State,* 583 S.W.2d 748, we affirmed a denial of a Rule 27.26 motion with allegations similar to those made in this case, without an evidentiary hearing. In *Kearns,* however, the trial judge specifically asked the movant whether he was under the influence of any kind of drugs. *Id.* at 750. Here, no such question was

asked. We do not suggest that a defendant is entitled to an evidentiary hearing in every case that he alleges he was under the influence of drugs and the trial court failed to ask such a question during the plea proceedings. *See Branstuder v. State,* 609 S.W.2d 460, 462 n.1 (Mo. App. 1980). The plea proceedings here do not sufficiently show that the movant was not under the influence of drugs. Therefore, we are compelled to remand for an evidentiary hearing.

Reversed and remanded.

SNYDER and CRIST, JJ., concur.