**Lonnie LEIGH, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 45207.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 7, 1982.

James P. Beck, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Movant appeals from an order denying, without an evidentiary hearing, his Rule 27.26 motion to vacate a thirty year sentence arising out of a 1976 statutory rape conviction. Section 559.260, RSMo. 1969. He was convicted in a jury-waived trial. The conviction was affirmed by this court in *State v. Leigh,* 580 S.W.2d 536 (Mo.App. 1979). We reverse and remand for an evidentiary hearing.

In order to qualify for an evidentiary hearing on a Rule 27.26 motion, movant

must: (1) allege facts, not conclusions, warranting relief; (2) those facts must raise matters not refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the defendant. *Kearns v. State,* 583 S.W.2d 748, 750 (Mo.App.1979).

■ Movant's first claim refers to appointed counsel's ineffectiveness in his failure to investigate or call a Mr. Nathaniel Brown, whom movant alleges is crucial to his alibi defense.

The trial court found the rape took place between 10:15 and 10:30 a.m. on January 15, 1975. Movant alleges on that date he was incarcerated at a correctional facility that had a work release program. He alleges that Mr. Brown would have testified that he did not pick movant up from the institution until after 11:00 a.m. on the morning of the rape.

Mr. Brown's testimony, if believed, would establish the defense of alibi. The failure of counsel to call witnesses who would have established a defense for the defendant, if proven, entitles movant to a Rule 27.26 evidentiary hearing. *Chambers v. State,* 592 S.W.2d 542, 544 (Mo.App.1979).

We find that movant's allegations are sufficiently factual in nature, they are not refuted by the record and resulted in prejudice to the defendant. *Kearns v. State,* 583 S.W.2d 748, 750 (Mo.App.1979).

Movant's second ineffective assistance of counsel claim alleges that appointed counsel did not meet with him until one day prior to trial. It is unnecessary to reach this claim as an evidentiary hearing is granted on the basis of the first claim.

Order reversed and cause remanded for an evidentiary hearing.

REINHARD, P. J., and SNYDER, J., concur.