**Harold Gene SHELLEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 46579.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 26, 1983.

Lenzie Leftridge, Flat River, for appellant.

Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Following a plea of guilty to second degree assault and sentence to five years imprisonment, movant sought to vacate his plea under Rule 27.26. The trial court dismissed the motion without an evidentiary hearing. We affirm.

When an accused pleads guilty to an offense he waives all claims of error except those affecting the voluntariness and understanding with which he makes his plea. *Vernor v. State,* 603 S.W.2d 89, 91 (Mo.App.1980). In a Rule 27.26 proceeding, the trial court is required to conduct an evidentiary hearing "if issues of fact are raised in the motion, and if the allegations thereof directly contradict the verity of records of the court." Rule 27.26(e). Our scope of review is limited to a determination of whether the trial court's action was clearly erroneous. Rule 27.26(j).

From the morass of contentions presented to and dismissed by the trial court, movant claims two allegations warranted an evidentiary hearing. First, movant claims an allegation that his defense counsel did not explain the difference between first and second degree assault prejudiced movant "as for (sic) as penitentiary time is concerned or in the eyes of the parole board." On appeal movant states he would be able to present evidence at a hearing showing he did not understand the elements of second degree assault to which he pleaded guilty.

First, we agree with the trial court that defendant's allegations did not meet the requirements for an evidentiary hearing

set forth in *Kearns v. State,* 583 S.W.2d 748, 750 (Mo.App.1979). Movant did not claim the alleged failure to adequately distinguish first and second degree assault resulted in an unknowing and involuntary guilty plea. Nor does his allegation claim he was misled as to the elements of the offense or the possible range of punishment.

The Rule 27.26 court had before it a transcript of movant's guilty plea hearing where that court thoroughly interrogated movant to determine whether the plea was knowingly and voluntarily entered. Movant had specifically responded in the affirmative when asked on at least three occasions if he understood the charges against him and then he admitted committing each element of the offense. Movant's first point fails to allege facts sufficient for Rule 27.26 relief, much less to warrant an evidentiary hearing. See *Barnett v. State,* 618 S.W.2d 735, 737 (Mo.App.1981).

■ Movant's second point claims an evidentiary hearing should have been granted because defense counsel prohibited movant from presenting evidence and witnesses "to verify his illness." Exactly what "illness" movant refers to is open to speculation, but on appeal he claims there was evidence of a possible mental disease or defect. Movant did not allege what evidence would have been presented or to what witnesses would have testified. Therefore, the trial court did not err in denying movant an evidentiary hearing. *McKinney v. State,* 634 S.W.2d 537, 538 (Mo.App.1982).

■ Furthermore, the transcript of movant's guilty plea hearing demonstrates he had a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and he had a rational and factual understanding of the proceedings against him. *Dusky v. U.S.,* 362 U.S. 402, 403, 80 S.Ct. 788, 789, 4 L.Ed.2d 824 (1960). It shows movant to have been competent to enter a plea and it plainly refutes movant's contentions. See *Barnett v. State, supra.*

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.