Bennie HAMMOND, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 45287.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 29, 1983.

Michael A. Gross, MBE, Wendell Wilkie Brooks, St. Louis, for movant-appellant.

Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion without an evidentiary hearing. We reverse and remand for an evidentiary hearing.

In 1977, movant was convicted by a jury of first degree murder and was sentenced to life imprisonment. His conviction was affirmed by this court in *State v. Hammond,* 578 S.W.2d 288 (Mo.App.1979).

At trial, the State presented evidence that movant killed a door-to-door salesman, Millard Mallan, during the commission of a robbery. Three witnesses testified that they saw movant near the place that Mallan was killed and at the approximate time of his death. In this regard, Mrs. Irons testified that she witnessed the crime and was certain that movant killed Mallan. Another witness, Mrs. Loggins, testified that she saw movant walking away from the victim shortly after the shooting. A third witness, Mr. Wraggs, testified that he gave movant a ride from near the crime scene around the time of the murder. Movant did not testify on his own behalf and presented no other evidence.

Movant's 27.26 motion alleges he was denied effective assistance of counsel because his alibi defense was not adequately investigated or disclosed under the discovery rule, and because his witnesses were not subpoenaed. In his motion, movant alleges that he gave his trial attorney the names of five witnesses who would testify that he was attending a birthday party at the time of the murder. However, the trial court denied movant's motion without an evidentiary hearing.

■ An evidentiary hearing is required if: (1) the 27.26 motion alleges facts, not conclusions, warranting relief; (2) those facts raise matters not refuted by the files and records; and (3) the matter complained of resulted in prejudice to the movant. *Kearns v. State,* 583 S.W.2d 748, 750 (Mo. App.1979).

■ We are not judging the merits of movant's claim. However, we believe sufficient facts were alleged which were not refuted by the record; if true, these facts could entitle movant to a new trial. Therefore, we reverse and remand for an evidentiary hearing. *Leigh v. State,* 639 S.W.2d 406, 407 (Mo.App.1982).

Reversed and remanded for an evidentiary hearing.

KAROHL, P.J., and CRANDALL, J., concur.