**Peter McGRATH, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 47472.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 22, 1984.

Jess L. Mueller, Troy, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Movant was convicted of second degree murder in the October 2, 1977 stabbing death of Robert Dennis and sentenced to life imprisonment. On appeal, the Missouri Supreme Court affirmed the conviction in *State v. McGrath*, 603 S.W.2d 518 (Mo. 1980).

Movant filed an amended motion to vacate his sentence under Rule 27.26. In his motion, movant asserted two principal contentions entitling him to relief. First, that his right to a fair and impartial jury was unconstitutionally tainted because the sheriff's deputy, whose office was primarily responsible for the investigation of the murder, personally selected additional bystanders to fill the jury panel. Second, he received ineffective assistance of counsel because his trial attorney failed to object to the jury selection process and failed to file a change of venue as requested by movant.

An evidentiary hearing was held. The record establishes that movant's murder trial commenced on March 19, 1979. The sheriff's department was responsible for investigating the crime. During voir dire, the trial judge sustained numerous defense challenges for cause. A sufficient number of people were stricken so that the panel was reduced to less than the statutory requirement. In accordance with Section 494.060, RSMo. 1978 [1], the trial judge ordered the bailiff, Ken Whiteside, a deputy sheriff, to procure additional jurors. Whiteside left the courthouse and walked to a restaurant approximately 200 yards from the courthouse. He approached a table of nine customers in the restaurant and ordered five of the people to report to the courthouse as jurors. He made no effort to single out any particular type of person. He asked only if the people chosen were registered voters, all apparently were. He gave no information concerning the type of trial or names of the parties involved. Most of the prospective jurors apparently protested concerning the inconvenience of this impromptu selection, but none were excused by the bailiff. Whiteside's selection of jurors was done in accordance with standing court instructions that bystander jurors were to be picked by bringing back the first bystanders encountered after the bailiff left the courthouse.

A separate and extensive voir dire was held for the bystander jurors. A complete jury panel was selected. The foreman of the jury was one of the bystander jurors.

---

1. This statute provides that, "[i]n all cases, if a panel be exhausted by challenge or otherwise before the jury is sworn, the court shall order the sheriff or other officer to summon a sufficient number of other persons to complete the jury."

Movant's attorney made no objection at trial to the jury selection process. Movant's attorney testified at the 27.26 hearing that he did not object because:

I thought we were getting a pretty good voir dire that day.... I thought that the Court at that particular time was giving us a pretty good response in our challenges for cause and taking off anybody that showed any type of particular bias or prejudice.... [I]n my opinion I thought the voir dire went well. The judge gave ... the defendant ... a wide latitude in voir dire and as I said we'd been successful in striking a number of people for cause....

The trial court filed findings of fact and conclusions of law. The court found movant was not prejudiced by the jury selection process; that his attorney did not object to the process because he believed he had a favorable jury panel and this was a matter of trial strategy. The court found that movant did not request a change of venue until the day of trial. Our review is limited to a determination of whether the findings, conclusions and judgment are clearly erroneous. Rule 27.26(j).

■ On appeal, movant first contends that the jury selection process was unconstitutional. We find no merit to this contention for several reasons. First, a challenge to improper jury selection may not be raised in a 27.26 proceeding unless there was a timely objection before the jury was sworn. *Ross v. State*, 601 S.W.2d 672, 675 (Mo.App.1980); *See Merritt v. State*, 635 S.W.2d 27, 28 (Mo.App.1982); *Benson v. State*, 611 S.W.2d 538, 541 (Mo.App.1980). There was no objection at trial and it is too late now when raised for the first time in this 27.26 motion. Second, it is well recognized in both state and federal courts that where there is a deliberate bypass whether for strategic, tactical or other reasons of orderly state procedure, a movant is precluded from raising a constitutional issue in a post conviction motion. *McCrary v. State*, 529 S.W.2d 467, 472 (Mo.App.1975); *See Brookins v. State*, 575 S.W.2d 841–42 (Mo.1978). Here, the defense attorney had

been given wide latitude in voir dire, prior to the summoning of the bystander jurors. Assessment of the jury panel was a matter of trial strategy and therefore, the attorney's decision to accept the panel without objection constituted a deliberate bypass of any challenge to the jury composition and waived movant's rights to raise the claim in a post conviction hearing.

■ We further note that the Missouri Supreme Court has recently considered the selection process at issue and held that absent a specific showing of prejudice, the process is constitutional. Further, the one alleging such prejudice has the burden of proof. *State v. Alexander*, 620 S.W.2d 380, 384 (Mo. banc 1981); *State v. Anderson*, 620 S.W.2d 378, 380 (Mo.1981). Movant made bare allegations but failed to establish that he was prejudiced by the jury selection process.

Movant relies upon several 8th Circuit cases dealing with the selection of bystander jurors; *Holt v. Wyrick*, 649 F.2d 543 (8th Cir.1981), *cert. denied*, 454 U.S. 1143, 102 S.Ct. 1002, 71 L.Ed.2d 295 (1982); *Henson v. Wyrick*, 634 F.2d 1080 (8th Cir.1980), *cert. denied*, 450 U.S. 958, 101 S.Ct. 1417, 67 L.Ed.2d 383 (1982); *Thompson v. White*, 661 F.2d 103 (8th Cir.1981) vacated and remanded, 456 U.S. 941, 102 S.Ct. 2003, 72 L.Ed.2d 463, on remand, 680 F.2d 1173 (8th Cir.1982), *cert. denied*, 459 U.S. 1177, 103 S.Ct. 830, 74 L.Ed.2d 1024 (1983); and *Anderson v. Frey*, 715 F.2d 1304 (8th Cir. 1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 739, 79 L.Ed.2d 198 (1984).

These cases have been critical of the use of the sheriff or his deputies in the jury selection process when the sheriff's office has been the principal investigator of the offense on trial. The most recent of these cases is *Anderson v. Frey*, 715 F.2d 1304 (8th Cir.1983), in which the 8th Circuit granted petitioner's writ of habeas corpus and vacated his conviction for attempted armed robbery. The Court stated:

The fact that the sheriff may have limited the exercise of discretion by the selecting officials by specifying neutral and objective selection criteria, such as resi-

dency and availability, does not address the constitutional defect at issue: the selection of bystander jurors by an interested official or his or her subordinates or professional associates. It is the participation of an interested official in the juror selection process that is fundamentally unfair.... [W]e believe that fundamental fairness requires a different method of bystander juror selection.

715 F.2d at 1309.

A literal reading of *Anderson v. Frey*, as well as portions of other cases cited above, would compel a state court to vacate the sentence of anyone convicted in any trial in which a sheriff or deputy sheriff participated in the selection of jurors, and if it failed to do so the movant could expect automatic relief in the federal court. We note that most of those currently incarcerated in Missouri prisons who were convicted in trials outside our large metropolitan areas were done so in trials in which bystander jurors were selected by the sheriff or his deputy. A literal interpretation of *Anderson* would certainly solve our state's prison overcrowding problem. However, we view *Anderson* as a warning to the state and as a mandate to devise another method of bystander juror selection.

■ In any event, we find two grounds upon which to distinguish this case from *Anderson v. Frey*. First, voir dire had begun and, as already noted, there was a deliberate bypass of this issue for strategic reasons. Second, the bailiff followed "standing court instructions" that bystander jurors were to be picked by bringing back the first bystanders encountered after he left the courthouse. He exercised no discretion, unlike the officials in *Anderson* and the other cases, who picked bystander jurors only from among their acquaintances. We find no merit to movant's first point.

■ In movant's second point he contends that his trial attorney failed to exercise the customary skill and diligence of a reasonably competent attorney because he failed to object to the jury selection process and failed to request a change of venue.

Based upon our resolution of movant's first point, there is no merit to his contention his attorney was ineffective in failing to object to the jury selection process.

■ In the trial court's findings of fact it found that movant did not request a change of venue until the day of the trial and at that time his attorney requested it. Therefore we find movant's charge of incompetency of his counsel based on failure to request a change of venue to be without merit.

Judgment affirmed.

KAROHL, P.J., and CRANDALL, J., concur.