Randall D. ARMBRUSTER,
Petitioner-Appellant,

v.

STATE of Missouri, Respondent.

No. 48758.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 15, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 28, 1985.

Application to Transfer Denied
April 2, 1985.

Gary L. Robbins, Public Defender, Jackson, for petitioner-appellant.

John Ashcroft, Atty. Gen., Jefferson City, Gary Stevenson, Pros. Atty., Farmington, for respondent.

PUDLOWSKI, Presiding Judge.

This is an appeal from a final order overruling and denying appellant's 27.26 Motion without conducting an evidentiary hearing. We affirm.

Appellant, Randall D. Armbruster, was convicted of capital murder and was sentenced to serve a term of life imprisonment with no eligibility for parole for a minimum of fifty years. His conviction and sentence was affirmed by our Supreme Court. *State v. Armbruster*, 641 S.W.2d 763 (Mo. 1982). Thereupon, appellant filed a 27.26 motion pro se. On September 19, 1983, the Public Defender Office entered its appearance and filed an amended 27.26 motion.

On January 27, 1984, appellant's counsel appeared before the circuit court on the state's motion to dismiss appellant's 27.26 motion. Appellant requested an evidentiary hearing which was denied.

Appellant alleges the trial court abused its discretion in refusing to grant an evidentiary hearing on his motion because the issues of fact raised by appellant were sufficient to entitle him to a hearing as a matter of law. Specifically, appellant alleged he was denied effective assistance of counsel in that counsel failed to properly investigate and interview potential witnesses and failed to review taped and transcribed confessions made by appellant. Appellant also argues that the trial court did not maintain a posture of absolute impartiality before the jury.

▇▇▇ An evidentiary hearing is required if: (1) the motion alleges facts, not conclusions, warranting relief; (2) which are not refuted by the files and records; and (3) the matter complained of resulted in prejudice to the movant. *Hammond v. State*, 661 S.W.2d 850 (Mo.App.1983). Appellant, in support of his appeal, argues that counsel failed to properly investigate Jim Frazier, a witness for the defense. However, in appellant's amended 27.26 motion, he alleged "counsel failed to properly investigate movant's case so that he would be prepared to cross-examine the *state's* witnesses without being surprised by their testimony." (Emphasis added). The issue of whether appellant's counsel failed to properly investigate a witness for the defense was not before the trial court. A trial court cannot be found to have committed error on issues not before the bench. *Johnson v. State*, 615 S.W.2d 502, 506 (Mo. App.1981).

▇▇▇ Further, in considering appellant's argument that counsel failed to properly investigate a defense witness, we find no error was committed. Appellant's counsel and his investigator both talked to Frazier before the trial. Representation will not be labeled ineffective because unknown to counsel a witness decides to change his testimony on the stand. *Boyet v. State*, 671 S.W.2d 417, 418 (Mo.App.1984). The trial court did not err in denying appellant an evidentiary hearing on this issue.

▇▇▇ In regard to appellant's allegations that his attorney was ineffective for failing to carefully review a taped confession with its transcription, the trial court, in its findings of fact and conclusions of law, stated the issue of the transcripts was considered on appellant's direct appeal. Our Supreme

Court, in appellant's direct appeal, held the transcript was accurate. *State v. Armbruster,* 641 S.W.2d at 767. A 27.26 motion may not be used as a substitute for a second appeal on the same issue. *Pollard v. State,* 628 S.W.2d 430 (Mo.App.1982); Rule 27.26(b)(3).

■ Lastly, appellant alleges he was denied a fair and impartial trial. The law is clear that a trial court must maintain a position of absolute impartiality, must avoid any conduct which might be construed as indicating a belief on the part of the judge as to the guilt of the defendant and must not demonstrate hostility toward the defendant. *State v. Davis,* 653 S.W.2d 167, 177 (Mo. banc 1983).

■ Appellate review of findings of fact and conclusions of law is limited to the determination of whether such findings, conclusions and judgment of the trial court, as appear in the record, are clearly erroneous. *Jenkins v. State,* 637 S.W.2d 808, 809 (Mo.App.1982). Generally, for these findings and conclusions to be clearly erroneous, the appellate court must be left with the definite and firm conviction that a mistake was made after reviewing the entire record. *Cherry v. State,* 625 S.W.2d 681, 682 (Mo.App.1981).

■ The trial court in the case at bar denied appellant's motion without an evidentiary hearing. The rationale stated by the court was that the only facts presented on the issue of the court's alleged partiality were contained in letters submitted by various individuals, several of whom disclaim actual presence in the courtroom at the time of trial. The other letters refer to personal opinions as to the rulings made by the court. The trial court found only bare contentions of court prejudice and no facts evincing actual prejudice. Bare contentions of court prejudice do not require an evidentiary hearing. *Starr v. State,* 564 S.W.2d 335, 336 (Mo.App.1978). Additionally, any incorrect rulings by the court would be mere trial error unreviewable under a Rule 27.26 motion. *Johnson v. State,* 615 S.W.2d 502, 506 (Mo.App.1981).

Judgment affirmed.

GAERTNER and KAROHL, JJ., concur.