Philip Martin TIERNEY,
Plaintiff-Appellant,

v.

STATE of Missouri,
Defendant-Respondent.

No. 49511.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 9, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 28, 1985.

Application to Transfer Denied
Oct. 16, 1985.

J. Andrew Walker, Asst. Public Defender, Clayton, for plaintiff-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

KELLY, Judge.

Philip Martin Tierney, appellant, appeals from an order of the Circuit Court of Lincoln County denying his Rule 27.26 motion to vacate judgments and sentences for three counts of robbery in the first degree. After an evidentiary hearing on October 25, 1984 his motion was denied by the trial court. We affirm.

On November 25, 1974, appellant entered pleas of guilty to three counts of robbery in the first degree, pursuant to a plea agreement in which the state would recommend ten year sentences on each count, to run concurrently. The trial court inquired whether appellant understood the rights he would be waiving by entering the guilty pleas, and he stated he understood them. The prosecutor explained the nature and essential elements of the charges, as well as the range of the penalties. The prosecutor explained that the minimum sentence was five years on each count and could be a total of five years if run concurrently or fifteen years if run consecutively. He also explained that the maximum could be life imprisonment, or three life imprisonment sentences. Appellant said he understood the range of punishment.

The trial court explained to appellant that it understood the state would recommend a ten year sentence on each count to run concurrently but that the court, alone, determined punishment. Appellant stated he understood this. The trial court then asked "do you understand that this court is not obligated to accept or follow either the state's recommendations or that of your counsel?" Appellant replied that he did. Being aware of the fact that appellant had at least three prior felony convictions, the trial court stated to the appellant, "the court probably, as in the case of your co-defendant, Mr. Lindner, will not accept the state's recommendation. Having been advised of that fact, do you desire in any way to withdraw or change your pleas of guilty?" The appellant replied, "No, Your Honor." The trial court then said, "Even though the court has advised you that it is not going to accept the state's recommendation, and will probably order you to serve consecutive sentences, is it still your desire to enter a plea of guilty?" Appellant replied, "Yes, Your Honor." Appellant thereafter in response to questions by the trial court, stated that he was under no threats nor pressure in pleading guilty and proceeded to explain the nature of his involvement in the crimes.

On imposing three sentences of ten years, to run consecutively, the trial court said, "as the court indicated to you in its questioning, the court would not be in a position to sentence you to any concurrent sentences."

On appeal the appellant contends the trial court erred in denying his 27.26 motion for the reason the trial court was without discretion to deny said motion in that the appellant should have been permitted to withdraw his pleas because he was erroneously informed by his own trial counsel and the prosecutor that the minimum sentences on all three counts was five years, all run concurrently, when in fact, § 546.480, RSMo 1969,[1] required that the sentences imposed upon him to be run consecutively.

At the time appellant entered his pleas § 546.480 governed the imposition of sentence on any person convicted of a second or subsequent offense prior to sentencing on the first offense. The statute provided that the sentences were to run consecutively, and not concurrently. It was construed as being mandatory leaving no discretion in the courts to impose concurrent sentences in any case where the statute was applicable, as it was in this case. *State v. McClanahan,* 418 S.W.2d 71, 74[4] (Mo.1967); *State v. Kennedy,* 513 S.W.2d 697, 700[8] (Mo.App.1974).

However, the statute was declared to be a violation of equal protection and therefore unconstitutional by the Supreme Court of Missouri in *State v. Baker,* 524 S.W.2d 122, 127[5] (Mo. banc 1975). The Supreme Court also held that when consecutive sentences have been imposed upon a defendant it must be presumed that they were imposed in compliance with the mandate of the statute, *Baker v. State,* 584 S.W.2d 65, 69 (Mo. banc 1979). The Supreme Court directed that at the time of sentencing the trial judge should spread on the record his exercise of discretion in determining whether to impose concurrent or consecutive sentences. With these principles in mind we proceed to consider appellant's contention.

The standard of appellate review in the denial of a Rule 27.26 motion is whether the trial court was clearly erroneous. *Shelley v. State,* 655 S.W.2d 126, 127[2] (Mo.App.1983).

In denying appellant's motion the trial court found that the court that sentenced appellant was exercising its discretion in sentencing the movant to three consecutive ten year sentences; that the trial judge made several references to the prior convictions of the movant and the time served on the movant's prior convictions and stated to the movant for these reasons the trial court could not follow the state's recommendation of concurrent sentences and gave the movant an opportunity to withdraw his guilty plea. We have searched the transcript of the guilty plea proceedings and

---

1. All statutory references are to RSMo 1969.

note that nowhere therein do we find any reference to § 546.480. We conclude that this finding was supported by the record and not clearly erroneous.

Since neither appellant nor his lawyer apparently knew about the provisions of § 546.480, appellant argues that he could not have made his pleas knowingly and intelligently. However, appellant, at the time he entered his pleas was given the chance to withdraw his pleas and chose not to do so. The trial court painstakingly explained to him what rights he was giving up by pleading guilty, and then had the prosecutor explain the elements of the crimes of armed robbery and the possible penalties which ranged from five years to life imprisonment on each count. The trial court then informed appellant he would not accept the state's recommendation of ten years on each charge to be served concurrently and that he would probably impose the sentences to be served consecutively and asked him if, given these facts, he wished to withdraw his pleas. Appellant chose not to withdraw his pleas at that time.

■ At no time was appellant told that because of § 546.480, the trial court could not follow the state's recommendation that the ten year sentence be served concurrently, but appellant understood that the trial court was not required to accept the state's recommendation. This had been explained to him by his own trial counsel as well as the prosecutor. The court which heard his 27.26 motion found that the fact appellant did not know that the court which took the guilty pleas was required by § 546.480 to impose the sentence consecutively was not significant in light of the fact he was told by the court that the recommendation of the state would not be followed in this respect. We find no clear error in that finding.

■ Appellant also contends that in the event he is not entitled to withdraw his pleas of guilty he is entitled to have his sentence vacated and the cause remanded for the purpose of resentencing inasmuch

as § 546.480 has been held unconstitutional.

He relies on the statement in *Baker v. State*, supra, 584 S.W.2d at 69[7] that:

> [W]hen consecutive sentences have been imposed upon a defendant prior to the declaration of the unconstitutionality of § 546.480 it must be presumed that the consecutive sentences were imposed in compliance with the unconstitutional mandate of that section, and should, accordingly, be set aside and the case remanded for limited purpose of resentencing.

However, in *Baker*, there was nothing in the record to demonstrate whether the trial judge would have imposed the same sentence had the statute not been in force. Where it is clear from the record that the trial judge would have imposed the sentence, even had he not been constrained to do so by the statute, there is no necessity to remand for resentencing. *Webb v. State*, 621 S.W.2d 113, 114 (Mo.App.1981).

Having found that the record in this case demonstrates that the consecutive sentences were not imposed by reason of the mandate of § 546.480, the *Webb* case controls.

We affirm.

STEPHAN, C.J., and SIMON, P.J., concur.