STATE of Missouri,
Plaintiff-Respondent,

v.

Charles E. TAYLOR,
Defendant-Appellant.

No. 14665–2.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 22, 1987.

Motion for Rehearing and to Transfer
to Supreme Court Overruled and
Denied Feb. 10, 1987.

Application to Transfer Denied
March 17, 1987.

Susan L. Hogan, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

In a jury waived trial, the court found the defendant committed deviate sexual intercourse upon a 14–year-old female to whom he was not married. § 566.070. He was sentenced to imprisonment for seven years. At the time of this offense, the defendant was on parole from a sentence for five years resulting from a plea of guilty to committing deviate sexual intercourse upon his 11–year-old stepdaughter. The sentences were ordered to run consecutively.

A succinct statement of the evidence supporting the judgment will suffice for consideration of the defendant's one point on appeal. The victim was employed to care for defendant's child and the child of his current wife while the wife was at work. As a condition of his parole, the defendant did not at the time live in his wife's home. Nonetheless, he was often there. He was

there on the first and second day the victim performed her duties.

On the second day, the defendant entered a bedroom where the victim and the two children had watched a movie on a V.C.R. One child was taking a nap in another room; the other was riding her bicycle. The victim was lying on the bed. After he entered the room, the defendant placed an X-rated movie in the V.C.R. After a brief absence, the defendant returned and lay on the bed beside the victim. He then committed an act of deviate sexual intercourse upon her.

The defendant testified and denied the act. It was within the province of the trial court to assess the credibility of the defendant and, even though uncontradicted, reject that denial. *Trimble v. State*, 588 S.W.2d 168 (Mo.App.1979).

Further, in addition to the forthright testimony of the victim, there was other evidence contradicting the denial of the defendant. On the second morning after the incident, the victim related the circumstances of the occurrence to her mother. The mother then confronted the defendant's wife with the accusation. The defendant and his wife then retired to a separate room. When she emerged, the defendant's wife told the mother she believed the victim was telling the truth. The defendant's wife ejected him from her home. The defendant acknowledged that on that morning he was aware of the victim's allegations of sexual abuse. There was no evidence he denied those allegations to the victim, to her mother, or to his wife. Cf. *State v. Douglas*, 720 S.W.2d 390 (Mo.App. 1986). He did say that his stepdaughter was lying when she stated that the defendant told her he was going to get the victim's pants off. The defendant and his wife acknowledged they had viewed the X-rated movie the night before the incident. At the trial, the wife, without explanation, said she had changed her mind concerning the truth of the victim's statement. There was ample evidence to support the determination of guilt by the trial court.

This is in effect acknowledged by the defendant. His sole point on appeal is "[t]he trial court committed plain error in permitting the prosecutor to ask Barbara Carter questions indicating Marie Clark's opinion that appellant was a difficult case, highly resistant to treatment, and likely to be a repeat offender, and in permitting Barbara Carter to testify to Marie Clark's opinion because evidence of Clark's opinion constituted inadmissible hearsay...." That point has the following background.

Witness Barbara Carter was a licensed psychologist. As a part of her practice, she did sexual abuse family counseling. She had the defendant and his wife and family in therapy commencing in 1982 when the defendant pled guilty to sexually abusing his stepdaughter. She resumed that therapy after the defendant was released on parole. Over the objection of the state, her testimony included the following. She described the nature of the therapy. She described the "incest father profile" and its significance to the victim's statement and the defendant's conduct. She understood the defendant, while in confinement, had completed the Missouri Sex Offenders Program. Statistics established that of 105 who completed the program, only one was a recidivist. Carter believed there was little risk the defendant would be a recidivist. She concluded the defendant had progressed to a point where a plan had been formulated for approval of his return to live in the family home. Her later testimony also included her belief the defendant was telling the truth.

Without objection, cross-examination of Carter developed the following. Marie Clark was Director of the Missouri Sex Offenders Program. She counseled the defendant during the last three months of his therapy before he was released on parole. Carter considered Clark to be an authority. In answer to a preliminary question, she acknowledged that she knew Marie Clark's opinion was that the defendant was a difficult case, highly resistant to treatment, and likely to be a repeat offender. Nonetheless, she said this would not alter her representation to the court that the defendant had successfully completed the Missouri Sex Offenders Program. Carter also

acknowledged that she knew the stepdaughter had complained of continuing sexual abuse by the defendant.

 It may be conceded the admission of testimony based upon a "syndrome" or a "profile" to establish the credibility of a witness is error. *State v. Ellis,* 710 S.W.2d 378 (Mo.App.1986). It is obvious that the admission over objection of hearsay to establish the truth of the matter in issue is error. *State v. Valentine,* 646 S.W.2d 729 (Mo.1983). The disposition of this case does not require consideration of the status of such hearsay admitted without objection. See *State v. Thomas,* 440 S.W.2d 467 (Mo. 1969).

However, for many reasons the two cited rules against the admission of hearsay do not establish the validity of the defendant's point. First, the testimony of Carter opened up the subject of the Missouri Sex Offenders Program. Carter conceded that Clark was an authority and had personal knowledge of the defendant. The examination in question was to test the credibility of Carter in representing to the court the defendant had successfully completed that program. Second, even if the admission of such testimony was in error, in view of all of the evidence, this court cannot find that such error was plain error and that "manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20. Third, even had the defendant properly objected to the admission of the hearsay evidence, its admission would not establish reversible error in this court-tried case. "It is assumed that the trial court will not be confused or misled by what is irrelevant and incompetent ... on the contrary, it should be disregarded by the court and it will be presumed that the court in determining the case will consider only such evidence as is competent and relevant." *State v. Leigh,* 580 S.W.2d 536, 545 (Mo.App.1979), rev'd on other grounds, *Leigh v. State,* 639 S.W.2d 406 (Mo.App. 1982). This rule is particularly applicable to this case. In overruling the state's objection to the conclusory aspect of Carter's testimony, the trial court did not recognize that evidence as relevant to the issue of guilt. The trial court stated, "It is certainly relevant on the issue of sentence, in the event of finding of guilt or could be." There was no error and the judgment is affirmed.

PREWITT, P.J., and FLANIGAN, J., concur.

HOGAN, J., not participating.