**Lindol CURTIS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 54605.**

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 25, 1988.

Nancy Hentig Narrow, Public Defender, Benton, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

PER CURIAM.

This is an appeal from an order and judgment of the circuit court of Cape Girar-

deau County entered on February 26, 1988 denying movant-appellant, Lindol Curtis' motion to vacate judgment pursuant to Rule 27.26, without an evidentiary hearing. We affirm.

On May 9, 1975, appellant was tried and convicted of two counts of murder in the first degree in New Madrid County for allegedly murdering two women. The jury found him guilty on both counts and he was sentenced to life imprisonment, the sentences to run consecutively. On appeal, the Supreme Court reversed the convictions and remanded the cause for a new trial because the court found error in permitting the State to present the testimony of a psychiatrist whose identity had not been disclosed to the defendant. *State v. Curtis,* 544 S.W.2d 580 (Mo. banc 1976). On remand, and upon a change of venue, appellant was tried and again convicted of two counts of murder in the first degree and again sentenced to two life terms to run consecutively. Appellant had entered a not guilty plea by reason of insanity. This court affirmed the convictions. *State v. Curtis,* 573 S.W.2d 416 (Mo.App.1978).

Some eight years later, on August 21, 1986, appellant filed his *pro se* motion to vacate alleging various matters including ineffective assistance of counsel. Counsel was appointed and amended the *pro se* motion. While many allegations were made the only point raised on this appeal is that appellant contends that defense counsel was ineffective in that "they failed to have another psychiatric examination conducted prior to the defendant's second trial which would have produced some crucial evidence towards the defense but instead elected to use expert testimony of Dr. Robert A. Lam from defendant's first trial, who was deceased at the time of defendant's second trial." On this appeal, appellant's contention is that it was error for the trial court to deny his 27.26 motion without an evidentiary hearing because there were facts to show that trial counsel failed to have a new psychiatrist examine him and testify and that these facts were not refuted by the record. He contends that the psychiatric testimony was given by the deposition of the deceased psychiatrist and this was read by counsel which resulted in prejudice to him.

On October 6, 1987, the trial court held a hearing to determine whether an evidentiary hearing was required under the Rule. At that time counsel for the state and appellant were present and the court took the matter under advisement until receipt of the transcript of the second trial. After examining the transcript, the trial court denied the appellant's motion and meticulously set forth findings of fact and conclusions of law.

The court found that "upon due consideration of the file, transcript and other files of this case," there is no need for an evidentiary hearing. The court answered each of the numerous allegations embodied in the motion to vacate. With reference to the allegation of ineffective assistance because of the failure to have a second psychiatrist appointed and testify after the first one died, the court said that the psychiatrist's testimony was read to the jury and the jury had the "full benefit of his testimony by reading of such. This is the proper way to handle such a matter if a witness is deceased." In any event, the court held that appellant was not "prejudiced."

In its conclusions of law and judgment, the trial court properly ruled that to qualify for an evidentiary hearing on a 27.26 motion, the movant must allege facts, not conclusions, warranting relief, the facts must raise matters not refuted by the record and the matters complained of must be prejudicial to the movant. The court relied upon *Barnett v. State,* 618 S.W.2d 735 (Mo.App.1981) and other decisions. The court concluded that movant was not denied effective assistance of counsel under the standards set forth in *Seales v. State,* 580 S.W.2d 733 (Mo. banc 1979) and *Barkwell v. State,* 619 S.W.2d 511 (Mo. App.1981), and was not prejudiced.

■ We conclude that the trial court did not err. The court's order is not "clearly erroneous" which is our standard of review. Rule 27.26(j). The findings, conclusions and order of the trial court are clearly erroneous only if a review of the record

**862**

leaves the appellate court with a firm and definite impression that a mistake has been made. *Armour v. State*, 741 S.W.2d 683, 688 (Mo.App.1987).

To prevail upon a claim of ineffective assistance of counsel, movant has a heavy burden and must show that the attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform and that he was prejudiced thereby. *Richardson v. State*, 719 S.W.2d 912 (Mo.App.1986). It is incumbent to make both showings. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

For movant to be entitled to an evidentiary hearing, the movant must comply with the principles referred to by the trial court—movant must allege facts, not conclusions, which, if true would warrant relief, the allegations must not be refuted by the record and the matters complained of must have resulted in prejudice to his defense. *Thomas v. State*, 736 S.W.2d 518, 519 (Mo.App.1987); *Kearns v. State*, 583 S.W.2d 748 (Mo.App.1979); *Boggs v. State*, 742 S.W.2d 591, 594 (Mo.App.1987).

The allegation in the motion that another psychiatrist could have produced "some crucial evidence" towards defendant's defense is conclusory not factual. And although appellant's brief notes that the fact that trial counsel failed to have a "new psychiatrist examine appellant and testify when the first psychiatrist died" is not refuted by the record, this is not the type of fact meant by the principles in the authorities.

The trial court did not err in denying an evidentiary hearing because the motion, in this respect, did not plead facts, the constitutive, important and relevant facts were refuted by the record and in any event appellant was not prejudiced to warrant the granting of the motion.

The order and judgment is affirmed.

All the Judges concur.